### S94Y0843. IN THE MATTER OF RALPH H. WITT.

(452 SE2d 507)

PER CURIAM.

Ralph H. Witt entered a guilty plea under the First Offender Act on November 23, 1992 to the offenses of habitual violator, no proof of insurance and improper tag. He was fined $3,350, placed on probation for seven years, ordered to pay $20 per month during his probation, and directed to attend Alcoholics Anonymous at least once a week for two years. The court also required that he work faithfully at suitable employment and support his legal dependents to the best of his ability.

Following the procedure under Bar Rule 4-106, the Office of General Counsel petitioned this court for appointment of a special master to conduct a show cause hearing as to why Witt should not be disbarred. After an evidentiary hearing, the special master filed a thorough report recommending a 45-day suspension from the practice of law in Georgia. The report states:

> This will penalize respondent over and above that imposed in the criminal action, which is a significant penalty. I further recommend that publication of such suspension be made pursuant to Bar Rule 4-219 (b). This will serve both the goal of deterrence and the goal of notice to the Bar and to the public.

Witt has been a member of the State Bar in good standing for approximately 32 years and the record reflects no prior disciplinary action against him. We find his unblemished record and his apparent compliance with the terms of probation, including successful participation in an Alcoholics Anonymous program, to be mitigating factors that warrant against his disbarment. Suspension for a reasonable period of time will penalize him in addition to his criminal punishment; publication of his suspension will deter others and indicate to the public that the courts will maintain the legal profession's ethics. Considering the purposes of attorney discipline and the mitigating factors in this case, we find suspension from the practice of law for a period of six months is the appropriate level of discipline.

This court orders that Ralph H. Witt is suspended from the practice of law in Georgia for a period of six months commencing from the date of this opinion. Witt is reminded of his duties under Bar Rule 4-

219 (c) to timely notify all clients of his inability to represent them, take all actions necessary to protect the interest of his clients, and certify to this court that he has satisfied the requirements of such rule.

*Suspended. All the Justices concur, except Hunstein and Thompson, JJ., who dissent.*

THOMPSON, Justice, dissenting.

I dissent to the majority's decision to impose a six-month suspension, and would instead follow the recommendation of disbarment urged by the State Bar.

Conviction of any felony "shall be grounds for disbarment" under Standard 66 of Bar Rule 4-102. The imposition of first offender probation constitutes a conviction under subsection (b) (5). Respondent was charged by special presentment with the felony offense of operating a motor vehicle without a valid driver's license after receiving notice that his driver's license had been revoked due to being an habitual violator, OCGA § 40-5-58 (c) (1). In order to be charged under this statute, Respondent must have been arrested and convicted of certain serious traffic offenses three or more times within a five-year period. OCGA § 40-5-58 (a). His guilty plea constitutes a conviction.

Respondent's felony conviction results from a lengthy pattern of perilous driving involving alcohol abuse. The offenses giving rise to his habitual violator status include two convictions for driving under the influence of alcohol, and driving with a suspended license. I cannot agree with the majority that the mitigating circumstances of this case warrant a mere six-month suspension.[1] Respondent's conduct does not simply reflect an error in judgment; it evinces an absence of judgment which necessarily impacts on professional responsibility. It is only fortuitous that he and others have thus far escaped injury or death.

"The question is not what punishment may the offense warrant, but what does it require as a penalty to the offender, a deterrent to others, and as an indication to laymen that the courts will maintain the ethics of the profession." *In the Matter of Dowdy*, 247 Ga. 488, 493 (277 SE2d 36) (1981) (quoting 7A CJS 117, Attorney & Client, § 116). A six-month suspension for an habitual violator felony conviction is inadequate to further these goals.

"[T]he appearance of a convicted attorney continuing to practice does more to disrupt the public confidence in the

---

[1] I find nothing in the record to support the majority's conclusion that Respondent "compl[ied] with the terms of probation, including successful participation in an Alcoholics Anonymous program. . . ."

legal profession than any other disciplinary problem. Members of the Bar must maintain a high standard of conduct. If the law is to be respected, the public must be able to respect the individuals who administer it. . . . [Cit.]"

*In the Matter of Stoner*, 246 Ga. 581, 582 (272 SE2d 313) (1980). I find no reason to impose a penalty less than disbarment.

I am authorized to state that Justice Hunstein joins in this dissent.

DECIDED JANUARY 30, 1995.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.