S95Y2021. IN THE MATTER OF HUGH DONNETT HARPER.
(462 SE2d 604)

PER CURIAM.

Hugh Donnett Harper entered a guilty plea and was sentenced under the First Offender Act on May 23, 1995, to the offense of habitual violator, OCGA § 40-5-58, a felony. Prior to any action by the State Bar, Harper filed a petition for voluntary discipline, admitting

that his guilty plea and conviction constitute a violation of Standard 66 of Bar Rule 4-102 (d). Harper requested a six-month suspension, with conditions, and offered circumstances in mitigation in support of that level, rather than a more severe level of discipline. These include: that the conduct which led to Harper's conviction resulted from his abuse of alcohol, for which he is now being treated; that Harper has no prior attorney discipline, and that, to the best of his knowledge, no client or third party has suffered any harm as a result of his offense; that Harper voluntarily reported his conviction and sentencing to the State Bar; that Harper admits that he recognizes the gravity of his conduct and the detrimental effect of that conduct; that Harper has voluntarily entered a drug rehabilitation program and has been referred to the State Bar Committee on Lawyer Impairment.

The State Bar concurs with Harper's petition, and the review panel recommends that this Court accept the terms of the petition.

Having reviewed the record, we agree with the review panel that the foregoing factors Harper offers in mitigation are appropriate considerations justifying a lesser degree of discipline than might otherwise be imposed. See American Bar Association, Center for Professional Responsibility, § 9.32 (a), (b), (c), (e), (h), and (l), Standards for Imposing Lawyer Sanctions (1991 ed.). Accordingly, we order that Respondent Harper be suspended from the practice of law for a period of six months commencing from the date of this opinion. It is further ordered that Respondent Harper shall submit himself to the jurisdiction of the State Bar Committee on Lawyer Impairment for such assessment, monitoring and action it deems necessary pursuant to Part VII of the Bar Rules. Further, Respondent Harper shall waive any and all rights of confidentiality provided under Part VII of the Bar Rules necessary to provide the Office of the General Counsel access to any information provided to the State Bar Committee on Lawyer Impairment pursuant to Part IV of the Bar Rules. We further order that Harper's reinstatement be conditioned on the following: Harper shall obtain certification from the Committee on Lawyer Impairment that, based on its observation and pursuant to procedures set forth in Part IV of the Bar Rules, Harper does not manifest symptoms of any condition which would either mentally or physically impair his competency as an attorney or pose a substantial threat to himself or others; Harper shall obtain certification from the Office of the General Counsel of the State Bar of Georgia that it has reviewed his disciplinary records maintained pursuant to Part IV of the Bar Rules since the date of the issuance of this order, and that based on that review, Respondent has not demonstrated any conduct or manifested any symptom of any condition which would indicate that he would pose a danger to his clients or the public by his return to the practice of law; upon obtaining the foregoing certifications from the

Committee on Lawyer Impairment and Office of the General Counsel, Harper may petition the review panel of the State Disciplinary Board to review the record of this proceeding and the certifications and submit its recommendation on the matter of Harper's reinstatement to this Court.

Harper is reminded of his duties under Bar Rule 4-219 (c) to timely notify all clients of his inability to represent them, to take all actions necessary to protect the interest of his clients, and to certify to this Court that he has satisfied the requirements of such Rule.

*Petition for voluntary discipline accepted. Six-month suspension with conditions. All the Justices concur, except Hunstein, J., who dissents; Thompson, J., not participating.*

HUNSTEIN, Justice, dissenting.

I dissent to the majority's imposition of a six-month suspension because I agree with the reasoning set forth by Justice Thompson in his dissent in *In the Matter of Ralph H. Witt*, 264 Ga. 852, 853 (452 SE2d 507) (1995), that disbarment under Standard 66 of Bar Rule 4-102 is the appropriate measure of discipline in cases such as these.

DECIDED OCTOBER 16, 1995.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Waddell, Emerson, George & Buice, B. Carl Buice,* for Harper.