### S94Y1357. IN THE MATTER OF RALPH H. WITT.
(468 SE2d 356)

PER CURIAM.

This is the second time that Ralph H. Witt has appeared before this Court in a disciplinary matter relating to his driving offenses. In his first appearance, this Court suspended Witt for six months for conduct in violation of Standard 66 of Bar Rule 4-102 (d) based upon

his entry of a guilty plea under the First Offender Act, in Douglas County, to the offenses of no proof of insurance and an improper tag and the felony offense of driving while classified as an habitual violator. See *In the Matter of Witt*, 264 Ga. 852 (452 SE2d 507) (1995).

In the present case, we granted the State Bar's petition to appoint a special master to conduct a show cause hearing for disbarment under Standard 66 of Bar Rule 4-102 (d) after the State Bar notified this Court that Witt entered a guilty plea in DeKalb County to the felony offense of driving while classified as an habitual violator. See OCGA § 40-5-58. Witt received a sentence of five years' probation as well as fines and other restrictions.

Following an evidentiary hearing, the special master filed his report with this Court, finding that Witt's disciplinary record prior to the first proceeding showed no disciplinary problems, that he practiced in Georgia for 32 years, that the record contains letters evidencing his good character, and that no specific client has been harmed. The special master also found that Witt violated the Douglas County probation order within nine months after it was entered, and that he knowingly pled guilty to a felony in Douglas County and knew or should have known what consequences would flow from a violation of the terms of probation. The special master recommended that Witt be suspended for three years with automatic loss of his license to practice law in this state if his probation in either Douglas or DeKalb County is revoked.

Examining the special master's findings in light of the ABA Standards for Imposing Lawyer Sanctions (1991), we find the sole mitigating factor to be Witt's good character and reputation, see ABA Standard 9.32 (g). The aggravating factors include (1) the prior disciplinary offense; (2) a pattern of misconduct; (3) multiple offenses; (4) refusal to acknowledge the wrongful nature of his conduct; and (5) his substantial experience in the practice of law. See ABA Standard 9.22 (a), (c), (d), (g), (i). In light of those factors, we cannot agree with the special master's recommendation of a three-year suspension.

After considering the record in this case, Witt's prior disciplinary action and conduct, and in order to safeguard the integrity of the State Bar of Georgia, we hereby order that Ralph H. Witt is disbarred from the practice of law in this state and his name shall be stricken from the roll of those allowed to practice in Georgia. Witt is reminded to protect his clients' interests and to that end must comply fully with Bar Rule 4-219 (c). Any petition for reinstatement must satisfy all the requirements at the time reinstatement is sought.

*Disbarred. All the Justices concur.*

DECIDED APRIL 8, 1996.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.