## IN THE MATTER OF STONER.
(Supreme Court Disciplinary No. 142)

PER CURIAM.

On May 14, 1980, Respondent, Jessee Benjamin Stoner, was convicted of a felony in Jefferson County, Alabama. A disciplinary action was brought against him in this state and after notice and a hearing, the Special Master recommended that Respondent be suspended from the practice of law pending the outcome of his

appeals.

1. Respondent contends that to suspend him from the practice of law before his appeals are final violates due process. We find this argument to be without merit. The purpose of suspension and disbarment in this state is not to punish the attorney, but to protect the courts and the public from persons deemed to be unfit to practice as attorneys. See *Yarbrough v. State,* 119 Ga. App. 46 (166 SE2d 35) (1969). The state has a legitimate interest in such matters. "The relation of courts and attorneys to the people is one of high responsibility, involving complete trust and confidence and absolute fidelity to integrity." *Gordon v. Clinkscales,* 215 Ga. 843, 846 (114 SE 2d 15) (1960). "[T]he appearance of a convicted attorney continuing to practice does more to disrupt public confidence in the legal profession than any other disciplinary problem. Members of the Bar must maintain a high standard of conduct. If the law is to be respected, the public must be able to respect the individuals who administer it. By failing to swiftly discipline an attorney found guilty of a serious offense, we necessarily impair the public's confidence in the law and in this Court's willingness to enforce the law evenhandedly." The Florida Bar v. Prior, 330 S2d 697, 702 (1976).

We find that promoting public confidence in the judicial system is a legitimate state end and that suspending attorneys upon conviction of a crime of moral turpitude, even before all appeals are final, is rationally related to that end.

While we recognize that some states do not act to suspend attorneys until appeals are final (see, e.g., In the Matter of a Member of the State Bar of Arizona, John A. Metheany, 104 Ariz. 144 (449 P2d 609) (1969)), this is not the rule in Georgia. We conclude that such a rule is not constitutionally required, as indicated above.

2. Respondent's contention that the felony of "Setting Off Dynamite Dangerously Near An Inhabited Dwelling" is not a crime involving moral turpitude is patently without merit. See *Lewis v. State,* 243 Ga. 443 (254 SE2d 830) (1979).

3. Respondent's suspension from the practice of law does not violate the constitutional rights of his clients. The right to counsel does not mean the right to the counsel of one's own choosing in every situation. See *Fleming v. State,* 246 Ga. 90 (270 SE2d 185) (1980).

There being no constitutional infirmity in the provisions of Rule 4-106, it is ordered that Jessee Benjamin Stoner be and hereby is suspended from the practice of law in all courts of this state until further order of this court.

*All the Justices concur.*

DECIDED OCTOBER 29, 1980.

*Omer W. Franklin, Jr., General Counsel State Bar, Joe David Jackson, Assistant General Counsel State Bar, D. Nichols Winn, Assistant General Counsel State Bar,* for State Bar of Georgia.
*Jessee Benjamin Stoner,* pro se.