## S98Y0087. IN THE MATTER OF DENNIS KEITH CALHOUN.
(494 SE2d 335)

PER CURIAM.

This disciplinary matter is before the Court on the Petition for Voluntary Discipline of the respondent, Dennis Keith Calhoun, in which he requests a six-month suspension for his admitted violation of Standard 66 (conviction of a felony involving moral turpitude) of Bar Rule 4-102 (d). Calhoun filed his Petition after pleading guilty to one count of serious injury by vehicle, a violation of OCGA § 40-6-394, and one count of driving under the influence of alcohol, a violation of OCGA § 40-6-391. Following the acceptance of his guilty plea, the trial court sentenced him under the Georgia First Offender Act. Calhoun admits that his plea and sentencing for the offense of serious injury by vehicle constitutes a violation of Standard 66. The State Bar recommends the Court accept Calhoun's petition.

Although disbarment is a penalty to be considered for violations of Standard 66, a strong case has been made here for the requested suspension. Calhoun was involved in an automobile accident on May 26, 1996 while driving under the influence of alcohol. Calhoun caused the accident in which a young man was severely injured and paralyzed from the neck down. Following this incident, Calhoun entered into a non-negotiated plea of guilty and admitted liability in a related civil action in which a settlement agreement has been reached. The Court notes that at all times Calhoun acknowledged his responsibility to the victim and to the sentencing court, which specifically found that Calhoun did not have a history of alcohol abuse or a recurrent drinking problem. Prior to the accident, Calhoun had been a member of the Georgia Bar for some 15 years without any complaints made to the State Bar regarding his conduct as a lawyer. Cal-

houn had also been active in his church and community, as evidenced by the many people willing to serve as character references who submitted letters to the court in the criminal action and to this Court attesting to Calhoun's good character and many volunteer activities.

While Calhoun's character and reputation and the absence of a prior disciplinary record are appropriate factors to be considered in mitigation under ABA Standard 9.3, most notable, in this case, is Calhoun's remorse and his actions since the accident. The evidence indicates that Calhoun, on his own initiative, contacted Mothers Against Drunk Driving ("MADD") and volunteered his services as a spokesman against drunk driving. Through this association Calhoun took a prominent part in a video produced for use in a nationwide campaign against drunk driving. Calhoun has also spoken to a number of groups throughout the community on the dangers of alcohol and driving.

This Court does not take lightly Calhoun's felony conviction or the criminal behavior to which he has admitted. However, Calhoun's actions since the occurrence of this tragedy are commendable. The Court notes that Calhoun has already been punished through the criminal justice system and has accepted civil liability for his mistakes, none of which involved the practice of law. In light of Calhoun's obvious remorse, his past service to the community, the fact that he had no prior disciplinary record, and his willingness to take full responsibility for his actions and the consequences thereof, this court accepts Calhoun's Petition for Voluntary Discipline and finds that a six-month suspension is an appropriate sanction in this case. Accordingly, Calhoun is hereby suspended from the practice of law for a period of six months from the date of this opinion.

Calhoun is reminded of his duties under Bar Rule 4-219 (c) to timely notify all clients of his inability to represent them, to take all actions necessary to protect the interests of his clients, and to certify to this Court that he has satisfied the requirements of such rule.

*Six months suspension. All the Justices concur, except Hunstein and Thompson, JJ., who dissent.*

HUNSTEIN, Justice, dissenting.

I dissent to the majority's decision to accept Calhoun's petition for voluntary discipline in which he requests a six-month suspension for his admitted violation of Standard 66. Consistent with my position in previous disciplinary cases, I would instead disbar Calhoun based on his felony conviction.

I am authorized to state that Justice Thompson joins in this dissent.

DECIDED JANUARY 12, 1998.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Powell, Goldstein, Frazer & Murphy, John T. Marshall,* for Calhoun.