S98Y0865. IN THE MATTER OF EDGAR BRIDGES HORN.

(505 SE2d 21)

PER CURIAM.

Following a hearing before a special master under Bar Rule 4-106, the special master recommended that respondent Edgar Bridges Horn be disbarred based on his guilty plea in the Superior Court of Muscogee County to the felony of robbery, OCGA § 16-8-40 (a) (3). Although Horn requests a suspension, the State Bar also recommends disbarment. We agree that disbarment is the appropriate sanction in this case.

Horn pled guilty to robbery and received first offender treatment. The State Bar instituted this disciplinary proceeding pursuant to Bar Rule 4-106, alleging Horn's violation of Standard 66 of Bar Rule 4-102 (d) (conviction of a felony shall be grounds for disbarment). The special master held a show cause hearing at which Horn appeared and testified, representing himself pro se. Horn testified that, although he pled guilty to robbery, he had no intent to rob and no knowledge that a robbery would be undertaken. He testified that he had a serious substance abuse problem with crack cocaine at the time of the robbery, but that he has been substance-free since December 1996; regularly attends Alcoholics Anonymous; and has passed all mandatory drug testing imposed by the superior court as a condition of his first offender treatment.

The special master recommended disbarment, finding that Horn's guilty plea for the felony of robbery was a violation of Standard 66. The special master noted that Horn did not voluntarily request discipline prior to the institution of this proceeding and found no mitigating factors other than Horn's testimony that the robbery arose from his drug abuse and that he has been drug-free for 18 months. The special master found troubling Horn's seeming recanting of his voluntary guilty plea and viewed it as a reflection of Horn's refusal to admit his wrongdoing and the discredit it has brought against the legal profession. The State Bar agrees, noting

that maintaining public trust in the profession demands that a lawyer who commits a serious violation pay the appropriate penalty, regardless of proclaimed mitigating factors of addiction and subsequent treatment. See *In the Matter of Calhoun*, 268 Ga. 675 (492 SE2d 514) (1997).

The appearance of an attorney continuing to practice who has pled guilty to the felony of robbery disrupts public confidence in the legal profession. See *In the Matter of Stoner*, 246 Ga. 581 (272 SE2d 313) (1980). Thus, disbarment is ordinarily appropriate when a lawyer engages in serious criminal conduct in which misappropriation or theft is a necessary element.

Respondent Edgar Bridges Horn is hereby disbarred from the practice of law in this state and his name shall be stricken from the roll of those allowed to practice in Georgia. Horn is reminded of his duty to comply fully with Bar Rule 4-219 (c) (although we note that Horn has been an inactive member of the Bar for the last six or seven years and has not actively practiced law during that time). Any petition for reinstatement must satisfy all the requirements at the time reinstatement is sought.

*Disbarred. All the Justices concur.*

DECIDED SEPTEMBER 21, 1998.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.