S05Y0836. IN THE MATTER OF ANTHONY GUS CAROWAY.

(613 SE2d 610)

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the special master, recommending that Respondent Anthony Gus Caroway receive a public reprimand for his

violation of Rule 8.4 (a) (3) of the Georgia Rules of Professional Conduct, Bar Rule 4-102 (d). We reject the Special Master's recommendation of a public reprimand and instead impose a suspension of 24 months.

Caroway pled guilty to possession of cocaine; possession of methamphetamine by ingestion; possession of marijuana (less than one ounce); and driving under the influence in the Superior Court of Bartow County, see OCGA §§ 16-13-39; 40-6-391 (a) (1), under the First Offender Act (OCGA § 42-8-60 et seq.) and the conditional discharge provision appearing at OCGA § 16-13-2. He was sentenced to ten days incarceration and the balance to be served on probation. He also was ordered to pay fines, fees and surcharges, and to perform 96 hours of community service.

The State Bar filed a Petition for Hearing and obtained the appointment of a special master. The evidence at the hearing showed that Caroway has had problems with drug and alcohol abuse since his teens. While in the U. S. Navy he underwent treatment and was sober for many years. In 2000, he started drinking again and his substance abuse escalated over the next two years. Caroway continued his real estate closing practice during this time period. Caroway's convictions were based on two separate incidents: a DUI arrest during which drugs were found in his car and a subsequent arrest after police discovered drugs in Caroway's boat after his boat was stopped by a game warden. After his arrest, Caroway sought counseling and entered Ridgeview Institute for its in-patient program. Although an agent of Caroway's title insurance company conducted an audit of his trust account and found no improprieties, Caroway testified that he made drug purchases in his office during business hours, used cocaine during business hours, and closed real estate transactions while under the influence of cocaine. Caroway admits he violated Rule 8.4 (a) (2) by pleading guilty to the felonies but denies that he violated Rule 8.4 (a) (3) by pleading to the misdemeanor.

The special master considered the testimony of Caroway's doctors, counselors, and other health professionals, and his current employer, all of whom stated their belief that Caroway has worked hard to control his addiction and has been successful. The special master found that Caroway violated Rule 8.4 (a) (2), but that he did not violate 8.4 (a) (3) because there was no evidence of moral turpitude or that the underlying conduct related to Caroway's fitness to practice law. In mitigation of discipline, the special master listed the absence of a disciplinary record during Caroway's eight years as a member of the State Bar, the absence of a dishonest or selfish motive, personal and emotional problems, a good faith effort to make restitution and rectify the consequences of his actions, free and full disclosure to the disciplinary authorities and a cooperative attitude,

good character, a physical or mental impairment, interim rehabilitation, the imposition of other penalties (Caroway's criminal sentence), and remorse. As a result, the special master recommended that Caroway receive only a public reprimand with substantial conditions.

In its exceptions to the recommendation, the State Bar asserts that the appropriate sanction in this case is either disbarment or suspension, with any suspension to be lifted only by order of this Court. See *In the Matter of Kitchings*, 264 Ga. 301 (444 SE2d 312) (1994) (24-month suspension); *In the Matter of Patteson*, 262 Ga. 591 (423 SE2d 248) (1992) (30-month suspension).

Considering the admitted facts, we find that Caroway knowingly violated Rule 8.4 (a) (2) by engaging in intentional criminal misconduct, and we conclude that a public reprimand is not a sufficient sanction for his actions. Accordingly, we hereby order that Caroway be suspended for a minimum period of 24 months. At the conclusion of this time period, Caroway's suspension may be lifted only by further order of this Court, following his successful participation in the State Bar of Georgia Lawyer Assistance Program, as certified to the State Bar by the State Director of such program. Upon obtaining such certification, Caroway may petition the Review Panel for review and recommendation as to whether this Court should lift the suspension. Once the Review Panel has forwarded its recommendation to this Court, we will issue an order lifting or continuing the suspension.

Accordingly, respondent Anthony Gus Caroway is hereby suspended from the practice of law for a period of 24 months from the date of this opinion. He is reminded of his duties under Bar Rule 4-219 (c).

*Suspension. All the Justices concur, except Hunstein, Thompson and Hines, JJ., who dissent.*

HUNSTEIN, Justice, dissenting.

Because Anthony G. Caroway knowingly violated Georgia law and Rule 8.4 (a) (2) by engaging in intentional criminal misconduct resulting in his conviction for felony possession of cocaine, felony possession of methamphetamine by ingestion, felony possession of marijuana and driving under the influence, and he sought treatment for his admitted abuse of illegal substances only after his second arrest, I agree with the State Bar that disbarment is the appropriate sanction in this case. See *In the Matter of Horn*, 269 Ga. 826 (505 SE2d 21) (1998); *In the Matter of Stoner*, 246 Ga. 581 (272 SE2d 313) (1980). While I commend Caroway for his efforts in combating his problems,

the appearance of a convicted attorney continuing to practice does more to disrupt public confidence in the legal

profession than any other disciplinary problem. Members of the Bar must maintain a high standard of conduct. If the law is to be respected, the public must be able to respect the individuals who administer it.

(Citations and punctuation omitted.) Id. at 582. See *In the Matter of Calhoun*, 268 Ga. 675 (492 SE2d 514) (1997) (maintaining public trust demands that lawyer who commits serious violation pay appropriate penalty, regardless of mitigating factors of addiction and subsequent treatment). The Court's 24 month suspension of Caroway, a term far less than that imposed by the criminal court for his illegal conduct, fails to adequately protect the public and disrupts public confidence in the legal profession. Accordingly, I dissent.

I am authorized to state that Justice Thompson and Justice Hines join in this dissent.

DECIDED MAY 23, 2005.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar*, for State Bar of Georgia.
*James E. Spence, Jr.*, for Caroway.