S07Y1662. IN THE MATTER OF JOHN M. B. LEWIS IV.
(651 SE2d 729)

PER CURIAM.

This matter is before the Court on the Report and Recommendation of the Special Master, Richard M. McNeely, who recommends that Respondent John M. B. Lewis IV be disbarred for his violation of Rule 8.4 (a) (2) of Bar Rule 4-102 (d). After a hearing at which Lewis appeared pro se, the Special Master found that on January 5, 2007, Lewis pled guilty to one count of possession of cocaine in the Superior Court of Richmond County, Case No. 05-RCCR-597. Lewis was given first offender treatment and sentenced to five years on probation. At the disciplinary hearing, Lewis argued that his was a victimless crime and asked the special master to utilize his discretion and recommend a punishment less severe than disbarment.

We find that disbarment is an unduly harsh sanction in this matter. Lewis has been a member in good standing of the State Bar of Georgia for over 20 years, and, prior to this incident, he had no history of discipline and no criminal record. In addition, Lewis is correct that his conduct did not relate directly to his work for his clients, nor did it involve dishonesty. While Lewis's crime is a serious

one, and he has brought disrepute on the profession by his conduct, disbarment is the maximum penalty for a violation of Rule 8.4 (a) (2), not the minimum penalty. Moreover, Lewis has already been suspended from practicing law since January 5, 2007, as a result of a special condition of his guilty plea. We therefore conclude that here, as in *In the Matter of Caroway*, 279 Ga. 381 (613 SE2d 610) (2005), a lengthy suspension, not disbarment, is the appropriate sanction.

Accordingly, we hereby order that Lewis be suspended for a minimum additional period of 24 months from the date of this opinion. At the conclusion of this time period, Lewis's suspension may be lifted only by further order of this Court following his successful participation in the State Bar of Georgia Lawyer Assistance Program as certified to the State Bar by the State Director of the program. Upon obtaining such certification, Lewis may petition the Review Panel for review and recommendation as to whether this Court should lift the suspension. Once the Review Panel has forwarded its recommendation to this Court, we will issue an order lifting or continuing the suspension. Lewis is reminded of his duties under Bar Rule 4-219 (c).

*Twenty-four-month suspension with reinstatement upon conditions. All the Justices concur, except Hunstein, P. J., and Thompson, J., who dissent.*

HUNSTEIN, Presiding Justice, dissenting.

In May 2005, John M. B. Lewis IV was charged in Richmond County with possession of cocaine with the intent to distribute, OCGA § 16-13-30 (b), a felony, and misdemeanor possession of marijuana, based on events occurring in February 2005. In January 2007 Lewis pled guilty to one count of possession of cocaine and was accorded First Offender treatment. At the time of his plea, he was 46 years old and had been a member of the State Bar of Georgia for over 20 years. Because his conviction constituted a violation of Rule 8.4 (a) (2) of the Georgia Rules of Professional Conduct, a special master was appointed pursuant to Bar Rule 4-106 and, in May 2007, a hearing was held. Lewis was the sole witness to testify at the hearing. In his testimony Lewis admitted having used cocaine on and off since he was a teenager. He never sought any treatment to battle his drug problem, however, until after he was arrested in February 2005 and released from his week-long stay in jail. He then spent "almost two months" in a treatment center. Lewis testified that although he has attended AA and NA meetings, he does not attend them regularly[1]

---

[1] Lewis testified that "I do not go every day. I do not even go once a week. I've been twice a week sometimes. I've skipped weeks."

and acknowledged on cross-examination that he does not have either an AA or an NA sponsor. He further admitted that he was not under the treatment of a mental health care professional. As the special master commented, "quite frankly, what I thought you would show me today was perhaps counselors, family members, a rock-solid series of either AA or NA or continued out-patient treatment at [a treatment center]." Instead, Lewis's sole "mitigation" argument before the special master was that the felony he committed "did not involve harm, dishonesty to other persons or property" but instead was "possession, simple possession, in my pocket, or in my mouth, or up my nose — of a substance that is illegal."

A review of the record in this disciplinary thus reveals that, unlike the situation in *In the Matter of Caroway*, 279 Ga. 381 (613 SE2d 610) (2005), on which the majority relies, there was no evidence to indicate that Lewis had exerted great effort in the past to combat his drug problem and there was no testimony from any doctor, counselor or other health professional regarding the steps he was currently undertaking to control his current drug problem. Unlike *Caroway*, no witness was called to confirm Lewis's self-serving claim that he is "very capable of staying on the right path." Thus, it is not surprising that the special master in this case, rather than following the direction taken in *Caroway*, in which a lesser punishment was recommended, instead concluded that disbarment was the appropriate discipline in this case.

I concur fully with the special master. Lewis violated his duty to the public and the legal system; he knew he was engaging in illegal conduct; and the public and legal system sustained serious or potentially serious injury as a result of Lewis's crimes. See *In the Matter of Farrar*, 279 Ga. 869 (621 SE2d 741) (2005). Unlike the attorney in *In the Matter of Kitchings*, 264 Ga. 301 (444 SE2d 312) (1994), whose drug problem stemmed from severe injuries incurred in a car accident, Lewis, a 46-year-old adult who had been an attorney for over two decades, had no explanation whatsoever for his use of cocaine. Unlike the attorney in *Caroway*, supra, Lewis could not introduce even one other witness to testify that he "has worked hard to control his addiction and has been successful." Id. at 382. Disbarment is undoubtedly a "harsh sanction," as the majority states, but it is the appropriate sanction here in light of Lewis's behavior and the significant disparity between the facts here and those in the case upon which the majority relies. Accordingly, I respectfully dissent to the majority's imposition of a two-year suspension.

I am authorized to state that Justice Thompson joins this dissent.

DECIDED OCTOBER 9, 2007 —
RECONSIDERATION DENIED NOVEMBER 5, 2007.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia.