S08Y0367. IN THE MATTER OF STEPHEN G. WALDROP.
(656 SE2d 529)

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the Special Master, Charles R. Adams III, recommending that the Court suspend Stephen G. Waldrop from the practice of law for a minimum term of 24 months and with conditions imposed on reinstatement. The record shows that Waldrop entered a guilty plea in Coweta County under the First Offender Act to possession of N-N-dimethylamphetamine, in violation of the Georgia Controlled Substances Act, and was sentenced under the First Offender Act, OCGA § 42-8-60 et seq., to a five-year period of probation.

The Special Master found the following facts: Waldrop has been a member of the Bar since 2000; he has served 18 years in the military and has received numerous awards and commendations and is currently a Major in the U. S. Army Reserve; prior to his arrest he was in private civil practice; he has no prior disciplinary or criminal record; no harm was done to any clients or third parties as a result of his actions; the State Bar presented no aggravating factors; in June 2006, Waldrop stopped taking new clients and transferred existing clients to other attorneys; and since his arrest he has voluntarily sought treatment for any possible substance abuse problems. The

special master credited the testimony of Dr. Bruce Atkinson, Waldrop's treating psychologist, who has over 30 years experience treating patients with addiction and substance abuse problems, that Waldrop has no diagnosable psychiatric disorder, antisocial traits, substance abuse/dependency, or any serious problem that would cause major difficulties in his professional work; there was no evidence of addiction and a low probability of development of an addiction; Waldrop does not have a continuing problem with drug or alcohol abuse and does not need continuing treatment for drug abuse; Waldrop is not a danger to the community; Waldrop has an extremely low probability of allowing any drug or alcohol use to impair his professional duties if he were allowed to resume the practice of law; and Waldrop is remorseful and has learned his lesson. The Special Master also cited the testimony of Stephen Marshall Brown, Director of the Bar's Lawyer Assistance Program, who testified that Waldrop passed nine random drug screens administered over 12 months, Brown's evaluation indicated that Waldrop's drug use was situational and not compulsive, Waldrop has been compliant, accountable and reliable in conforming to the Lawyer Assistance Program, and he concurred with Dr. Atkinson that Waldrop would not be a danger to clients.

The Special Master also cited the testimony of ten character witnesses, including lawyers, military personnel, and former clients, and concluded that Waldrop has an excellent personal and professional reputation in the legal community and the community at large.

Although a felony conviction authorizes disbarment, Rule 8.4 (a) (2) of the Rules of Professional Conduct found in Bar Rule 4-102 (d), a felony conviction does not necessarily demand disbarment. See, e.g., *In the Matter of Calhoun*, 268 Ga. 877 (494 SE2d 335) (1998) (First Offender guilty plea to serious injury by vehicle and DUI; six months suspension); *In the Matter of Haugabrook*, 278 Ga. 721 (606 SE2d 257) (2004) (guilty plea to two counts of filing false tax returns; one year suspension); *In the Matter of Caroway*, 279 Ga. 381 (613 SE2d 610) (2005) (First Offender guilty plea to three felony counts of possession of controlled substances and DUI; 24 months suspension); *In the Matter of Lewis*, 282 Ga. 649 (651 SE2d 729) (2007) (First Offender guilty plea to possession of cocaine; 24 months suspension).

After a review of the record, including the extensive mitigating factors, the absence of aggravating factors, and the discipline imposed in similar cases, the Court agrees with the Special Master that a suspension of 24 months is appropriate. The suspension shall run from January 29, 2007, and Waldrop's reinstatement shall be conditioned on his successful completion of his First Offender probation; his successful completion of the Lawyer Assistance Program as certified by the Program Director; his continued therapy with Dr. Atkinson, or

another qualified therapist approved by Dr. Atkinson, for a minimum of one year, until such time as the therapist certifies in writing to the Director of the Lawyer Assistance Program that the therapy is no longer necessary; and his submission to random drug screens under circumstances established by the Director of the Lawyer Assistance Program. Upon obtaining such certification, Waldrop may petition the Review Panel for review and recommendation as to whether this Court should lift the suspension. Once the Review Panel has forwarded its recommendation to this Court, we will issue an order lifting or continuing the suspension. Waldrop is reminded of his duties under Bar Rule 4-219 (c).

*Twenty-four-month suspension. All the Justices concur, except Hunstein, P. J., and Thompson, J., who dissent.*

HUNSTEIN, Presiding Justice, dissenting.

Although this Court on occasion has determined that a sanction of less than disbarment is appropriate for lawyers convicted of felonies, this case does not warrant such an outcome. In this case, Waldrop has made no direct showing of remorse nor has he sought to explain his criminal behavior. Waldrop did not testify during the hearing before the special master, declined to offer the guilty plea hearing transcript into evidence, and submitted a cursory affidavit acknowledging his guilty plea and declaring, without factual support, that no client or third party was harmed by his behavior. Although he offered other witnesses on his behalf, his failure to directly take responsibility for his actions and offer any explanation for his behavior is extremely troubling.

As this Court has held previously,

> "[t]he appearance of a convicted attorney continuing to practice does more to disrupt public confidence in the legal profession than any other disciplinary problem. Members of the Bar must maintain a high standard of conduct. If the law is to be respected, the public must be able to respect the individuals who administer it. . . ." [Cit.]

*In the Matter of Stoner,* 246 Ga. 581, 582 (272 SE2d 313) (1980). See also *In the Matter of Horn,* 269 Ga. 826 (505 SE2d 21) (1998); *In the Matter of Skandalakis,* 279 Ga. 865 (621 SE2d 750) (2005). The failure of Waldrop to express remorse or offer any explanation for his behavior distinguishes this case from those such as *In the Matter of Lewis,* 282 Ga. 649 (651 SE2d 729) (2007).

For the above reasons, I would find that disbarment is the appropriate sanction herein, and, thus, I respectfully dissent.

I am authorized to state that Justice Thompson joins in this dissent.

DECIDED JANUARY 28, 2008.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia.
*Bruce S. Harvey*, for Waldrop.