S13Y1533. IN THE MATTER OF THOMAS RICHARD TOPMILLER.
(748 SE2d 919)

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of special master Sandra Cho, recommending that the Court accept the petition for voluntary discipline filed by Thomas Richard Topmiller (State Bar No. 443008). Topmiller requests that the Court impose a suspension until such time as he completes the Cobb County Drug Treatment Court Program, in which he enrolled following his guilty plea to possession of more than an ounce of marijuana. The Court Program requires a minimum of 18 months for completion. The State Bar filed a response with the special master, recommending that the petition be accepted.

The special master found that Topmiller graduated from college in July 1984 and from the John Marshall School of Law in June 2008. He was admitted to the Bar in November 2008. Before going to law school, Topmiller worked for Delta Airlines as an aviation mechanic, a pilot ground instructor, and a pilot training program developer. He obtained his pilot's license, and in 2001, he became a commercial pilot with ExpressJet Airlines. He continued his work as a pilot until February 26, 2012, about the time of his arrest, and he is currently

participating in a Human Intervention Management Study program as required by ExpressJet.

Topmiller's arrest in February 2012 followed the discovery of marijuana plants in his home, which he grew for personal consumption. The plants were discovered after police were called to his home when his stepson fatally overdosed on prescription medicine. Around this time, Topmiller and his wife faced marital discord issues and financial pressures. Upon his arrest, Topmiller immediately notified the Federal Aviation Administration and ExpressJet and surrendered the medical certificates necessary for him to fly. Topmiller enrolled in outpatient counseling on March 15, 2012, and on June 23, 2012, he was admitted to an inpatient program specializing in treating airline pilots suffering from substance abuse. He completed that program on July 23, 2012, with a recommendation of intensive outpatient treatment. He has since participated in the Court Program and another intensive program, the HIMS Monitored Aftercare Program. As of the date of the hearing in this matter, February 13, 2013, Topmiller had complied with all the requirements of both programs. Successful completion of the Court Program takes a minimum of 18 months and includes five phases of treatment.

In determining the appropriate sanction, the special master found that Topmiller's conduct did not involve the representation of a client or the practice of law and did not cause injury or potential injury to a client. In mitigation, the special master found that Topmiller has no prior disciplinary record; he did not act with a dishonest or selfish motive in regard to a client; he was under the stress of marital discord, family issues, and financial difficulties; he accepted full responsibility for his actions and did not try to blame others; he ceased the practice of law upon the entry of his guilty plea and agreed to the entry of a consent order suspending him from practicing law pending this Court's resolution of this matter; he routinely received strong reviews from his employers and while with Delta received the Chairman's Cup Award, which is given to a small number of employees who excel at their employment duties; and he expressed sincere remorse. The special master also found that Topmiller acknowledged the need for treatment, sought extensive treatment, is in a period of sustained rehabilitation and recovery, and upon successful completion of the Court Program, will have demonstrated that he is unlikely to commit similar misconduct again.

The special master found that the imposition of a suspension pending the completion of the Court Program was the appropriate sanction and was consistent with other similar cases. See, e.g., *In the Matter of Caroway*, 279 Ga. 381 (613 SE2d 610) (2005) (24-month suspension with conditions upon reinstatement following guilty plea

to possession of drugs); *In the Matter of Lewis*, 282 Ga. 649 (651 SE2d 729) (2007) (24-month suspension following guilty plea to possession of cocaine); *In the Matter of Waldrop*, 283 Ga. 80 (656 SE2d 529) (2008) (24-month suspension following First Offender plea for possession of a controlled substance).

Having reviewed the record, the Court agrees that acceptance of the petition and imposition of a suspension is the appropriate sanction. Accordingly, we hereby order that Thomas Richard Topmiller be suspended for a minimum of 18 months, retroactive to August 29, 2012, when he entered his guilty plea and ceased practicing law. At the conclusion of 18 months, if Topmiller wishes to seek reinstatement, he must present proof to the State Bar's Office of General Counsel that he has successfully completed the Cobb County Drug Treatment Court Program. If the State Bar agrees that this condition has been met, it will submit a notice of compliance to this Court, and this Court will issue an order granting or denying reinstatement.

*Petition for voluntary discipline accepted. Eighteen-month suspension with conditions. All the Justices concur.*

DECIDED SEPTEMBER 23, 2013.

*Paula J. Frederick, General Counsel State Bar, William J. Cobb, Assistant General Counsel State Bar*, for State Bar of Georgia.
*Wilson, Morton & Downs, James E. Spence, Jr.*, for Topmiller.