In the Supreme Court of Georgia

Decided:     October 6, 2014

S14Y1458.  IN THE MATTER OF RAND J. CSEHY.

PER CURIAM.

Rand J. Csehy (State Bar No. 604410) pled nolo contendere to two counts of possession of controlled substances, OCGA § 16-13-30, and one count of possession of a firearm during the commission of a crime, OCGA § 16-11-106. He was sentenced as a first offender to two years probation each on the drug charges (concurrent) and five years, suspended, on the firearm charge. Csehy filed a petition for voluntary discipline seeking a one-to-two-year suspension for his admitted violation of Rule 8.4 (a) (2) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). In his petition, Csehy states that he was personally affected by the 2005 Brian Nichols courtroom shooting and, as a result, turned to alcohol and drugs. He went through rehabilitation in 2009, but in 2011 he was brutally attacked by a former client and suffered severe injuries, after which his addictions reasserted themselves. Csehy always had carried at least one firearm on his person or in his vehicle.  In 2012 he made arrangements

to bring illegal drugs to a woman he believed he knew, but it was part of a sting operation and Csehy was arrested and charged with several drug and firearm violations. Csehy underwent treatment with a psychiatrist, joined Alcoholics Anonymous, and sought treatment from the State Bar's Lawyer Assistance Program. As conditions of his probation, Csehy is subject to random drug and alcohol testing. Csehy acknowledges that a violation of Rule 8.4 (a) (2) may be punished by disbarment, but he notes that it is not an absolute penalty for such actions where there are mitigating circumstances supporting the imposition of a suspension rather than disbarment, see, e.g., In the Matter of Waldrop, 283 Ga. 80 (656 SE2d 529) (2008) (24-month suspension for first offender plea to felony possession of controlled substance); In the Matter of Patteson, 262 Ga. 591 (423 SE2d 248) (1992) (30-month suspension for felony violation of Controlled Substances Act). Csehy sets forth several mitigating factors, which he asserts justify a lesser sanction in his case. He states that he has no prior disciplinary history other than a private reprimand five years ago (the State Bar explains that in 2010 Csehy received a Formal Letter of Admonition for violating Rule 1.15 (II) regarding his IOLTA account) or other criminal history, see Patteson, 262 Ga. at 591; his actions caused no harm to his clients or law practice, see

Waldrop, 283 Ga. at 80, and he has stopped taking clients and is assisting his existing clients in finding suitable representation; he has displayed a cooperative attitude by voluntarily submitting to counseling, rehabilitation and random drug screening, see Patteson, 262 Ga. at 591, Waldrop, 283 Ga. at 80-81; and he has assumed responsibility for his actions by disclosing his convictions to clients and winding down his practice and is remorseful, as shown by his willingness to submit to rehabilitation programs, see In the Matter of Calhoun, 268 Ga. 877 (494 SE2d 335) (1998) (six-month suspension for pleading guilty to serious injury by vehicle and DUI); Waldrop, 283 Ga. at 81. Csehy points out that a 24-month suspension in the face of multiple convictions is not unprecedented, see In the Matter of Caroway, 279 Ga. 381 (613 SE2d 610) (2005) (drug charges and DUI). Csehy admits that his proposed suspension is shorter than his imposed probation, but again references Caroway and Waldrop for that not being unprecedented in light of extensive mitigating factors.

Despite Csehy's recitation of these mitigating factors, recent events that have occurred since the filing of Csehy's petition indicate that he is apparently still representing clients and that his rehabilitation might not have been successful. This Court has received a report indicating that, on September 15,

3

2014, Csehy appeared in the Superior Court of Cobb County as counsel for a defendant in a jury trial. The trial court noticed that Csehy had bloodshot eyes, was perspiring profusely, and was unable to stand without leaning on something. As a result, the trial court ordered Csehy to submit to immediate drug testing which showed that he had cocaine and amphetamines in his system. Based on the test results, the trial court held Csehy in contempt and had him incarcerated for five days.

The State Bar filed a response objecting to Csehy's petition and recommending that the Court reject his request for a one-to-two-year suspension. Subsequently, the State Bar has filed additional material from the recent proceedings in Cobb County. The State Bar asserts that Csehy's conviction involved not only possession of controlled substances, but also possession of a loaded firearm during the commission of a crime, which provided the substantial potential for violence given the number of guns Csehy routinely had in his possession during the time he admittedly was impaired. In addition, the State Bar notes that Csehy never submitted medical documents in his petition to prove that he had overcome any dependency on drugs, and it further submits that the September 2014 drug test in Cobb County shows that

4

Csehy's drug addiction is both serious and ongoing. Because the purpose of lawyer discipline is to act as "a penalty to the offender, a deterrent to others and as an indication to laymen that the courts will maintain the ethics of the profession," In the Matter of Dowdy, 247 Ga. 488, 493 (277 SE2d 36) (1981), and because "[t]he appearance of a convicted attorney continuing to practice does more to disrupt public confidence in the legal profession than any other discipline problem," In the Matter of Stoner, 246 Ga. 581, 582 (272 Ga. 313) (1980), the State Bar argues that a suspension of one or two years for Csehy's criminal conduct will disrupt public confidence and fails to adequately protect the public.

We have reviewed the record and the parties' submissions, and agree with the State Bar that the requested one or two-year suspension is inadequate in light of the crimes for which Ceshy was convicted, his prior disciplinary action, see Rule 4-208, evidence that Csehy's problems are continuing, and the fact that his requested suspension is shorter than the imposed probation, see In the Matter of Richbourg, 293 Ga. 576 (748 SE2d 460) (2013). Accordingly, we reject Ceshy's petition for voluntary discipline.

Petition for voluntary discipline rejected. All the Justices concur.