300 Ga. 785
FINAL COPY

S17Y1037.  IN THE MATTER OF CHRISTOPHER JOHN PALAZZOLA.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of special master Robert L. Shannon, Jr., who recommends that the Court accept the petition for voluntary discipline filed by respondent Christopher John Palazzola (State Bar No. 559321) pursuant to Bar Rule 4-227 (c) after the Bar filed a formal complaint against him, and therefore impose a reprimand on Palazzola for his admitted violations of Rules 1.16 (d), 5.3 (a), (b), 7.1 (a) (1), (2) and (b), and 8.4 (a) (4) of the Georgia Rules of Professional Conduct.  The maximum penalty for a violation of Rules 5.3, 7.1, and 8.4 (a) (4) is disbarment.  The maximum penalty for a violation of Rule 1.16 (d) is a public reprimand.

In his petition, Palazzola, who has been a member of the Bar since 1999, admits that he promised his former associate attorneys and grievants in this matter as part of their compensation an IRA plan in which his firm would match

their contributions up to a certain percentage of salary; that he caused their contributions to be withheld from their salaries; that for each pay period, he received from the payroll service he used for his firm a check that included the amount of the grievants' IRA withholdings; that he did not establish an IRA plan during the grievants' employment and did not pay the withheld earnings or matching contributions to an IRA plan; that instead the withheld money was placed into a non-interest-bearing law firm account; that near the end of their employment, in or around October 2012, the grievants filed a complaint against him with the United States Department of Labor, which during the course of its investigation established the amount he owed to the grievants, including interest; and that in 2014, he paid each grievant the full respective amount owed to her, including interest. Palazzola admits that he violated Rule 8.4 (a) (4) through this conduct.

Next, Palazzola admits that he paid for weekly Spanish-language print advertisements for his firm in the publication *Mundo Hispanico* for various periods in 2011, 2012, and 2013; that each of the advertisements included the same photograph of five individuals, one of which was him; that he knew one or more of the individuals in the photograph was not a member of or employed

by his firm; that the advertisements included, as translated into English, the statement, "More than 100 years of experience in the following legal areas:" followed by a listing of approximately seventeen areas of practice; that in 2012 he had approximately thirteen years of experience as a licensed, practicing lawyer, one of his associates had approximately one year of experience, and the other associate had approximately four years of experience; that at the time the advertisements were published, he knew that his attorney employees and he had no more than 18 years of combined experience in any practice area and that the statement of 100 years of experience was false as to each practice area and all practice areas combined; and that one of the advertisements indicated that his law firm had offices in Atlanta, Miami, and Los Angeles when he did not have an office in Miami or Los Angeles but instead had an of-counsel relationship with a firm not named in the advertisement and that unnamed firm had of-counsel relationships with a firm in each of those cities. He admits that he violated Rules 7.1 (a) (1) and (b) by causing advertising to be published that he knew at the time contained material misrepresentations of fact and/or omissions of fact necessary to make the statements considered as a whole not materially misleading; that he violated Rule 7.1 (a) (2) because the disparity between the

3

advertised and actual experience of the lawyers in his firm was so extreme that the stated experience was likely to create an unjustified expectation about the results his firm could achieve; and that he violated Rule 8.4 (a) (4) because each instance of false and misleading advertising constituted professional conduct involving dishonesty, fraud, deceit, and misrepresentation.

Palazzola further admits that his attorney employees mailed written notifications of their departure to the clients they had been representing; that one such client did not receive the notification and contacted Palazzola's office on more than one occasion asking to speak to one of Palazzola's associate attorneys; that Palazzola's staff initially did not tell the client that the associate attorney had left the firm; that when his staff did tell the client that the attorney had left, they told him that her new address and phone number could not be provided despite knowing that information; that the client later terminated Palazzola's representation and returned to his former associate attorney for representation; that Palazzola and his staff knew that another client had chosen to continue representation with the associate attorney after her departure, and thereafter, although the associate attorney had notified United States Citizenship and Immigration Services ("USCIS") of her change of address, USCIS sent

4

official documents in one of the client's cases to her at Palazzola's office; and that Palazzola's staff opened the envelope and returned the documents to the USCIS without notifying the client or attorney. Palazzola admits that he violated Rule 5.3 by failing to make reasonable efforts to ensure that his non-lawyer staff conducted themselves in a manner compatible with his professional obligations, resulting in the failure of his office to provide complete and accurate information about the former associate attorney to the client and resulting in official USCIS correspondence concerning the client being returned to USCIS instead of being forwarded to the client's attorney. Moreover, he admits that in the case of the other client, he failed for a period of weeks to forward his file to his former associate attorney as she requested and thereby violated Rule 1.16.

In mitigation, Palazzola asserts that he has no prior disciplinary record; that he made full restitution to his former associate attorneys with respect to the IRA compensation matter; that he has represented a number of clients pro bono, placed himself on a referral list for domestic violence cases, and placed himself on the volunteer list for LAMBDA Legal; and that he sincerely regrets and is remorseful for his conduct. As further mitigation, Palazzola states that he

understands and accepts that when an attorney leaves his firm, it is proper and desirable to inform clients for whom the departing attorney has worked of that fact and of the clients' absolute right to choose the counsel that will continue that representation; that in any future instances of attorney departure, he will fully and promptly cooperate with the departing attorney(s) to notify the affected clients and will fully cooperate to effectuate each client's choice in accordance with Formal Advisory Opinion No. 97-3; that he understands and accepts that he is personally responsible for ensuring that any advertising of his services is fully truthful and not misleading whether by statement or omission; that he has no knowledge of any client or potential client who was or claims to have been actually misled by the advertising at issue; and he understands and accepts that he is personally and ultimately responsible for assuring that all compensation promises he makes to anyone employed to work for his firm are clearly documented and fully and promptly implemented. Thus, he requests that this Court impose a Review Panel reprimand; however, he would accept a public reprimand if necessary.

The State Bar filed a response to Palazzola's petition, stating that this Court relies on the American Bar Association ("ABA") Standards for Imposing

Lawyer Sanctions for guidance in determining punishment in disciplinary cases, see In the Matter of Morse, 266 Ga. 652, 653 (470 SE2d 232) (1996), and that a reprimand is an appropriate discipline for Palazzola's misconduct. It did not, however, specify whether a Review Panel or public reprimand is appropriate in this case. See Standard 7.0 et seq., which applies to a violation of Rules 5.3, 7.1, and 8.4 (a) (4), and specifically, Standard 7.2 (suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system), Standard 7.3 (reprimand is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system), and Standard 7.4 (admonition is generally appropriate when a lawyer engages in an isolated instance of negligence that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system); see also Standard 5.0 et seq., which applies to violations of Rule 8.4 (a) (4), and specifically, Standard 5.13 (reprimand is generally appropriate when a lawyer knowingly engages in any other conduct, i.e., criminal conduct, that involves dishonesty, fraud, deceit, or

7

misrepresentation and that adversely reflects on the lawyer's fitness to practice law) and Standard 5.14 (admonition is generally appropriate when a lawyer engages in any other conduct that reflects adversely on the lawyer's fitness to practice law). The Bar states that aggravating and mitigating factors are considered in order to determine the appropriate discipline, see Standard 9.0 et seq., and reiterates the mitigating factors set forth in Palazzola's petition, see Standards 9.32 (a), (d), (g), (l), noting its belief that Palazzola now has a better understanding of the ethical obligations addressed by his petition and that it has no basis for disputing Palazzola's statement that he has no knowledge of any client or potential client who was or claims to have been actually misled by the false advertising addressed in his petition. The Bar also contends that the following should be considered in aggravation of discipline: a pattern of misconduct (Standard 9.22 (c)), multiple offenses (Standard 9.22 (d)), vulnerability of the clients adversely affected by Palazzola's misconduct (Standard 9.22 (h)), and substantial experience in the practice of law (Standard 9.22 (i)).

The special master issued his report and recommendation accepting Palazzola's admissions of fact and conduct and noting that although Palazzola's

violations of the advertising rules were knowing, Palazzola asserts that he has no knowledge of any client or potential client who was or claims to have been actually misled and the Bar states that it has no basis for disputing that statement. The special master states that Palazzola's violations of the non-lawyer staff supervision rule, Rule 5.3, appear to have been only negligent and that whether his violations with respect to his former associate attorneys' IRA accounts were knowing or negligent is not clear. The special master also accepts the mitigating factors Palazzola provided in his petition as well as the aggravating factors the State set out in its response. Taking into account the foregoing facts, admissions, and considerations, and this Court's statement on the purposes of discipline, see In the Matter of Csehy, 295 Ga. 853, 855 (764 SE2d 540) (2014), the special master concludes that a reprimand is presumptively the appropriate discipline for Palazzola's conduct and states that this conclusion is reinforced by ABA Standard 5.13, which applies to Rule 8.4 (a) (4). See supra. The special master did not, however, specify whether a Review Panel or public reprimand is presumptively the appropriate discipline in this case.

Having reviewed the special master's report and recommendation,

Palazzola's petition and the State Bar's response, we reject the petition for voluntary discipline and conclude that a reprimand is inadequate under these circumstances, particularly given the number of rules violations.

Petition for voluntary discipline rejected.  All the Justices concur.

Decided March 20, 2017.

Petition for voluntary discipline.

Paula J. Frederick, General Counsel State Bar, William J. Cobb, Assistant General Counsel State Bar, for State Bar of Georgia.