304 Ga. 324
FINAL COPY

S18Y0982. IN THE MATTER OF NATHANIEL ANTONIO BARNES, JR.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Nathaniel Antonio Barnes, Jr. (State Bar No. 220785), pursuant to Bar Rule 4-227 (b). On November 9, 2017, Barnes, who has been a member of the State Bar of Georgia since 2007, pleaded guilty in the Superior Court of DeKalb County to a felony charge of possession of cocaine and a related misdemeanor charge of disorderly conduct, but sentencing was deferred subject to Barnes's completion of the DeKalb County Drug Court Program. Per the terms of the order accepting Barnes into the drug court program, upon his successful completion of the program, the State will dismiss the charges at issue and allow record restriction of the case's disposition. By this petition, Barnes seeks the imposition of a 21-month suspension, retroactive to the November 9, 2017 date of his entry into the drug court program and with conditions on reinstatement, specifically, his successful completion of the drug court program.

The State Bar has submitted a response to the petition, recommending that it be accepted by this Court.

As recited by Barnes, the facts underlying his criminal prosecution were as follows. A neighbor in Barnes's condominium complex observed, from inside her condominium, Barnes walking around the common areas of the complex in his underwear and holding a knife. Unbeknownst to the neighbor, Barnes was in the grip of a paranoid delusion — caused by the fact that Barnes had been ingesting cocaine and not sleeping for three days — to the effect that an (imagined) assailant had entered Barnes's condominium through an open window and fled out through the front door. The neighbor called the police, who arrived and received Barnes's explanation for the behavior observed by his neighbor. In the course of their investigation, the police observed cocaine in Barnes's condominium.

Barnes acknowledges that entry of his guilty plea for possession of cocaine is sufficient to invoke the disciplinary process. Under Rule 8.4 (a) (2), a felony conviction authorizes, but does not necessarily demand, disbarment.

See In the Matter of Waldrop, 283 Ga. 80, 81 (656 SE2d 529) (2008).[1] Barnes notes that, shortly after his release, he admitted himself for voluntary inpatient treatment for his depression and addiction issues. Following his discharge from that treatment, he has participated in additional counseling and recovery treatment and views his entry into the drug court program as part of his commitment to rehabilitation and recovery. Barnes also notes that he changed the status of his Bar membership to "inactive" prior to the entry of his guilty plea and is employed full time outside of the legal profession. In mitigation, Barnes notes that he had no prior disciplinary record, did not have a dishonest or selfish motive, was suffering from depression and chemical dependency at the time of his conduct, has accepted full and unqualified responsibility for his behavior, made timely disclosure to the disciplinary authorities and has maintained a cooperative attitude throughout the process, is respected professionally and within the drug court program and his recovery community, and is remorseful.

In support of his suggested discipline, both Barnes and the State Bar cite,

---

[1] Rule 8.4 (b) (1) provides that, for purposes of the rule, "conviction" shall include a guilty plea "accepted by a court, whether or not a sentence has been imposed[.]"

among other cases, the decision of this Court in In the Matter of Topmiller, 293 Ga. 667 (748 SE2d 919) (2013), in which we imposed an 18-month suspension where the lawyer pleaded guilty to possession of more than an ounce of marijuana, and we conditioned reinstatement upon successful completion of a drug court program. Topmiller is compelling authority as to the appropriateness of Barnes's suggested resolution of this disciplinary matter, given that both this case and that one involve petitions for voluntary discipline arising from guilty pleas to felony drug possession counts where the attorney volunteered to complete a drug court program and the court deferred sentencing. Moreover, neither Topmiller nor this case involved the representation of a client or any injury to a client, and Barnes, as in Topmiller, has no prior disciplinary record, did not act with a selfish or dishonest motive in regard to a client, was undergoing emotional difficulties, accepted responsibility for his actions, had voluntarily ceased the practice of law by the time of the entry of his guilty plea, and has expressed remorse and his need for substance abuse treatment. See Topmiller, 293 Ga. at 668. The additional factor of Barnes wielding a knife while walking in his condominium complex warrants a somewhat longer suspension than the 18 months imposed in Topmiller, and a 21-month

4

suspension with conditions for reinstatement is within the range of sanctions we have imposed in similar cases. See Waldrop, 283 Ga. at 80-82 (two-year suspension following guilty plea to possession of controlled substance, with conditions for reinstatement including completion of first offender probation); In the Matter of Lewis, 282 Ga. 649 (651 SE2d 729) (2007) (two-year suspension following guilty plea to cocaine possession, with reinstatement conditioned upon successful participation in State Bar's Lawyer Assistance Program).

Therefore, having reviewed the record, the Court agrees that acceptance of this petition and imposition of a suspension is the appropriate sanction. Accordingly, we hereby order that Nathaniel Antonio Barnes, Jr., be suspended for a minimum of 21 months, retroactive to November 9, 2017, when he entered the DeKalb County Drug Court Program. At any time after the conclusion of 21 months, if Barnes wishes to seek reinstatement, he must present proof to the State Bar that he has successfully completed the DeKalb County Drug Court Program. If the State Bar agrees that this condition has been met, it will submit a notice of compliance to this Court, and the Court will issue an order granting or denying reinstatement.

Petition for voluntary discipline accepted. Twenty-one-month suspension with conditions for reinstatement. Hines, C. J., Melton, P. J., Benham, Hunstein, Nahmias, Blackwell, Boggs, and Peterson, JJ., concur.

6

Decided August 20, 2018.

Suspension.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Jonathan W. Hewett, Assistant General Counsel State Bar, for State Bar of Georgia.