304 Ga. 446
FINAL COPY

S18Y1023.  IN THE MATTER OF MATTHEW THOMAS DALE.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Matthew Thomas Dale (State Bar No. 787590), pursuant to Bar Rule 4-227 (b).  Dale, who became a member of the Bar in 2010, entered a guilty plea on October 6, 2017 to one count of "Peeping Tom," in violation of OCGA § 16-11-61.  The indictment charged him with unlawfully going upon a residential premises of a named individual for the purpose of becoming a Peeping Tom, at which time he peeped through the windows of the residence and invaded the individual's privacy.  Dale was sentenced, as a first offender, to four years to be served on probation, provided that he complies with the terms of his probation, which include that he pay restitution to the victim in the amount of $1,200, that he perform 40 hours of community service, and that he serve four weekends in jail.  The State Bar acknowledges that these three conditions have already been satisfied, and also that Dale has paid a fine and surcharges to the

court, and that he pays monthly probation and Georgia Crime Victims Emergency Fund fees of $32. Dale also remains subject to producing specimens as requested to be tested for the presence of drugs and alcohol, and to protective and no-contact orders with respect to the victim and her family, as well as a waiver of his Fourth Amendment rights.

By pleading guilty, Dale admitted to the conduct described in the indictment. Dale acknowledges that, by his conduct, he has violated Rule 8.4 (a)(2), for which the maximum sanction is disbarment. By his petition, Dale seeks the imposition of a suspension either for 18 months or until the conclusion of his term of probation, whichever is longer. Dale also agrees he shall be required to demonstrate to the Office of General Counsel that: (a) his probation has terminated; and (b) he continues to receive mental health treatment by his present counselor or a board-certified and licensed mental health professional, who has certified that he is fit to practice law. If the State Bar agrees that these conditions have been met, it will submit a notice of compliance to the Supreme Court of Georgia. Dale agrees he shall not engage in the practice of law until the Court issues an order granting the request for reinstatement.

In mitigation, Dale notes his lack of a prior disciplinary record, that he was

suffering from personal and emotional problems at the time of the offense, that he has made a full and free disclosure to the disciplinary authorities and has been cooperative toward the disciplinary proceedings, that he otherwise has good character and a reputation for such (demonstrated by the numerous character letters he attaches to his petition), that he is remorseful and acknowledges the nature of his wrongdoing, and that his conduct was not related to a client or his practice of law. The record includes numerous letters from individuals who have known Dale for a signficant period of time in various roles and settings. Each of the letters expresses the writer's opinion that Dale's conduct represents an aberration in an otherwise commendable life. Some of the writers indicate they have personal knowledge that the criminal conduct arose at a time when Dale was facing a challenging time in his personal and professional life. And some of the writers vouch for the fact that Dale has expressed deep remorse for his conduct and that they believe he has been rehabilitated. The State Bar agrees that the voluntary discipline sought by Dale is an appropriate level of discipline under the circumstances and in light of the applicable mitigating factors. See Standards 9.32 (a), 9.32 (c), 9.32 (e), 9.32 (g), and 9.32 (l), Standards for Imposing Lawyer Sanctions, American Bar Association Center for Professional Responsibility

(1992); see also In the Matter of Morse, 266 Ga. 652, 653 (470 SE2d 232) (1966) (this Court relies upon these standards for guidance in determining punishment in disciplinary cases).

Although violation of Rule 8.4 (a) (2) authorizes disbarment, a felony conviction does not necessarily demand disbarment where there are mitigating circumstances supporting the imposition of a suspension. *In the Matter of Waldrop*, 283 Ga. 80, 81 (656 SE2d 529) (2008); *In the Matter of Haugabrook*, 278 Ga. 721 (606 SE2d 257) (2004). Having reviewed the record, we find that an 18-month suspension with the above-noted conditions on reinstatement is the appropriate sanction in this matter. See *In the Matter of Corley*, 303 Ga. 290 (811 SE2d 347) (2018); *In the Matter of Ortman*, 289 Ga. 130 (709 SE2d 784) (2011); *In the Matter of Paine*, 280 Ga. 208, 210 (625 SE2d 768) (2006).

Accordingly, we hereby order that Matthew Thomas Dale is suspended from the practice of law in the State of Georgia for a period of time to end at the expiration of 18 months or at the termination of his criminal probation, whichever is longer. At the conclusion of this period, Dale may seek reinstatement by demonstrating to the State Bar's Office of General Counsel that he has met the conditions for reinstatement, specifically that his probation has terminated, that

a board-certified and licensed mental health professional has certified that he is fit to return to the practice of law, and that he is continuing to receive mental health treatment by a board-certified and licensed mental health professional. If the State Bar agrees that the conditions have been met, it is directed to submit a notice of compliance to this Court, at which time this Court will issue an order granting or denying reinstatement. Dale is reminded of his duties under Bar Rule 4-219 (c).

Petition for voluntary discipline accepted. Suspension with conditions for reinstatement. Melton, C. J., Nahmias, P. J., Benham, Hunstein, Blackwell, Boggs, and Peterson, JJ., concur.

Decided September 10, 2018.

Suspension.

Warren R. Hinds, for Dale.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Wolanda R. Shelton, Assistant General Counsel State Bar, for State Bar of Georgia.