307 Ga. 676
FINAL COPY

S20Y0434.  IN THE MATTER OF DAVID GODLEY RIGDON.

PER CURIAM.

This disciplinary matter is before the Court on the Petition for
Voluntary Discipline of David Godley Rigdon (State Bar No. 689829),
filed prior to the issuance of a formal complaint, pursuant to Bar Rule
4-227 (b) (2).  In his petition, Rigdon, who has been a member of the
Bar since 2010, admits to violating Rule 8.4 (a) (2) of the Georgia Rules
of Professional Conduct found in Bar Rule 4-102 (d),[1] by entering a
guilty plea on eight counts of violating the Georgia Controlled
Substances Act, OCGA § 16-13-20 et seq.  While the maximum penalty
for a Rule 8.4 (a) (2) violation is disbarment, Rigdon requests the
imposition of a suspension, with conditions on reinstatement, for
either 36 months from the date of his plea or the remaining time in his
five-year term of probation, whichever is longer.   Because the record
before us lacks a sufficient factual basis to support the requested

---

[1] This Rule provides: "It shall be a violation of the Georgia Rules of
Professional Conduct for a lawyer to . . . be convicted of a felony."

discipline, we reject the petition and remand to the special master for further factfinding regarding the conduct giving rise to the criminal charges against Rigdon.

The record reflects that, in October 2017, Rigdon was indicted in Tift County on a total of 13 counts for drug-related offenses. Comprising these charges were eight counts of felony violation of the Georgia Controlled Substances Act ("GCSA"), in violation of OCGA § 16-13-30 (a); one count of conspiracy to violate the GCSA, in violation of OCGA § 16-13-33; one count of sale/possession/distribution of dangerous drugs, in violation of OCGA § 16-13-70 et seq.; and three counts of crossing the guard lines of a correctional institution with drugs, in violation of OCGA § 42-5-15. In January 2019, Rigdon pled guilty to the eight GCSA counts, with the State agreeing to nolle pros the remaining charges, and Rigdon was sentenced under OCGA § 16-13-2 (conditional discharge for possession as first offense) to five years' probation with various conditions.

Upon the State Bar's petition initiating these disciplinary proceedings, the Court appointed Chong Joo Kim as special master.

Thereafter, Rigdon filed his petition for voluntary discipline, in which he states that, upon his indictment in October 2017, he voluntarily ceased the practice of law, notifying his clients of his inability to continue his representation and refunding all unearned fees. Further, Rigdon admits that he pled guilty to eight counts of violating the GCSA and was sentenced to five years' probation — plus fines totaling $4,040.50; 40 hours of community service; drug counseling; and random drug screenings — and he admits that by his plea he has violated Rule 8.4 (a) (2). In mitigation, Rigdon states that he has never before been subject to professional discipline; that at the time of the events leading to his arrest he was suffering from personal and emotional problems occasioned by his heavy workload and family responsibilities; that he was diagnosed after his arrest with depression and anxiety, for which he has since submitted to ongoing, consistent, and successful treatment; that he contacted the State Bar upon his indictment, has fully and freely cooperated throughout these proceedings, and was filing his petition for voluntary discipline prior to the scheduling of a show-cause hearing; that he has otherwise

3

exhibited good character and integrity, as evidenced by letters of support from three members of the Georgia Bar submitted with his petition; that he is remorseful and has acknowledged the nature of his wrongdoing; and that his misconduct did not result in any injury to a client. In the letters of support accompanying his petition, Rigdon is described as intelligent, forthright, kind-hearted, honest, generous, and professional, and is noted to have served commendably in the Cordele Public Defender's Office.

Citing these mitigating factors, Rigdon requests a suspension of the above-described duration, with reinstatement conditioned on successful completion of his first offender probation, continued treatment with a board-certified and licensed mental health professional, and certification by this professional that Rigdon is fit to return to the practice of law. While acknowledging that his misconduct is punishable by disbarment, Rigdon contends that this Court has opted to impose similar suspensions for Rule 8.4 (a) (2) violations where justified by mitigating circumstances. See, e.g., *In the Matter of Dale*, 304 Ga. 446, 448 (819 SE2d 5) (2018) (suspension

for longer of eighteen months or termination of four-year probated sentence); *In the Matter of Corley*, 303 Ga. 290, 292-293 (811 SE2d 347) (2018) (suspension for longer of two years or remainder of term of probation). In addition, Rigdon argues, the discipline he requests is within the range imposed in other disciplinary cases involving felony convictions for illegal drug possession. See, e.g., *In the Matter of Waldrop*, 283 Ga. 80, 81-82 (656 SE2d 529) (2008) (24-month suspension with conditions for first-offender drug possession conviction); *In the Matter of Lewis*, 282 Ga. 649, 650 (651 SE2d 729) (2007) (24-month suspension with conditions for first offender cocaine possession conviction).

The State Bar has responded in support of Rigdon's petition, agreeing that the requested discipline is an appropriate sanction for the misconduct under the circumstances. In her report, the special master concurs and recommends that this Court impose the requested discipline.

As Rigdon observes, this Court has previously recognized that the existence of significant mitigating circumstances may justify

5

suspension, rather than disbarment, as an appropriate sanction for an attorney's Rule 8.4 (a) (2) violation. See, e.g., *In the Matter of Barnes*, 304 Ga. 324, 326 (818 SE2d 497) (2018) (21-month suspension with conditions for drug possession and related disorderly conduct convictions); *In the Matter of Topmiller*, 293 Ga. 667, 669 (748 SE2d 919) (2013) (18-month suspension with conditions for single drug possession conviction); *Waldrop*, 283 Ga. at 81-82; *Lewis*, 282 Ga. at 650; *In the Matter of Caroway*, 279 Ga. 381, 383 (613 SE2d 610) (2005) (24-month suspension with conditions for convictions on three drug possession counts and DUI); *In the Matter of Kitchings*, 264 Ga. 301 (444 SE2d 312) (1994) (24-month suspension with conditions for single felony drug conviction); *In the Matter of Patteson*, 262 Ga. 591 (423 SE2d 248) (1992) (30-month suspension with conditions for single felony drug conviction).

Even considering the mitigating factors present in this case, however, the Court cannot on the existing record ascertain whether the proposed discipline is commensurate with Rigdon's misconduct. Specifically, the record before us contains virtually no information,

apart from the indictment, regarding the factual basis for Rigdon's guilty plea, the nature of the conspiracy of which Rigdon was alleged to have been a part, or the circumstances underlying the three nolle prossed counts charging Rigdon with crossing the guard lines of a correctional institution with drugs. Absent this information, this Court is unable to determine whether the proposed discipline is an acceptable sanction. Accordingly, we reject Rigdon's petition for voluntary discipline and remand to the special master for further factfinding regarding the conduct giving rise to the criminal charges against Rigdon.

*Petition for voluntary discipline rejected. All the Justices concur.*

DECIDED JANUARY 13, 2020.
Petition for voluntary discipline.
*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Wolanda R. Shelton, Assistant General Counsel State Bar*, for State Bar of Georgia.
*Warren R. Hinds*, for Rigdon.

7