S11Y1549. IN THE MATTER OF MICHAEL B. SESHUL, JR.
(717 SE2d 262)

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of the special master that the Court accept the voluntary petition for discipline filed by Respondent Michael B. Seshul, Jr. (State Bar No. 617061).[1] In his petition, Seshul requests that he be suspended from the practice of law until March 31, 2013, with specified conditions to be met before reinstatement, for his admitted violation of Rule 8.4 (a) (2)[2] of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d) that occurred on March 31, 2009, when he entered a guilty plea in the Superior Court of Fulton County to one felony count of aggravated assault and one misdemeanor count of battery. The Office of General Counsel of the State Bar of Georgia urges the Court to adopt the special master's recommendation and accept Seshul's voluntary petition for discipline.

Since the imposition of disciplinary punishment is largely governed by the particular facts of each case (*In the Matter of Ortman*, 289 Ga. 130 (709 SE2d 784) (2011)), this Court requested the parties

---

[1] Seshul currently is suspended from the practice of law as a result of this Court's acceptance in May 2010 of his voluntary petition for interim suspension pending imposition of final discipline. *In the Matter of Seshul*, 287 Ga. 158 (695 SE2d 24) (2010).

[2] Rule 8.4 (a) (2) provides that it is a violation of the Georgia Rules of Professional Conduct for a lawyer to be convicted of a felony. The violation carries a maximum penalty of disbarment.

to provide information concerning the facts underlying Seshul's felony conviction for aggravated assault. In response, Seshul submitted his affidavit and the State Bar submitted a copy of the indictment returned against Seshul and the final disposition of the criminal action. From those documents we have ascertained that in May 2007, Seshul, angry with his then-girlfriend who had thrown a brick that struck him on the arm, picked up the brick and threw it at her, striking the woman's feet. Seshul was given first offender treatment and received a five-year sentence, with one year commuted to time served and the balance to be served on probation. He was required to enter a specified program in Tennessee on June 1, 2009, and participate in the program for 90 consecutive days; to complete a family-violence intervention program; and to pay $827.20 in restitution. While enrolled in the Tennessee program, Seshul received clinical and therapeutic treatment for chronic post-traumatic stress disorder (PTSD),[3] panic disorder, and alcohol abuse.

Although a violation of Rule 8.4 (a) (2) generally is punished by disbarment, there is evidence of mitigating circumstances in the case before us: Seshul has no prior discipline; he experienced personal and emotional problems during the relevant time period; he has taken rehabilitative steps in the form of extensive treatment for PTSD and alcohol abuse;[4] he has good character and a good reputation; he has displayed a cooperative attitude toward these proceedings;[5] and no harm was caused to or directed at any of Seshul's clients. See *In the Matter of Ortman*, supra, 289 Ga. 130, where this Court, faced with similar circumstances, disciplined an attorney who had pled guilty to felony aggravated battery by suspending him for 12 months for violating Rule 8.4 (a) (2). We find this case and the mitigating factors similar to those relied on in *Ortman*. Accordingly, we accept the petition and hereby suspend Seshul until March 31, 2013, with the following conditions: between December 31, 2012 and March 31, 2013, Seshul must present the Office of General Counsel with certification from a psychiatrist or psychologist licensed to practice in Georgia that Seshul has no mental or emotional health

---

[3] A physician certified in Addiction Medicine who treated Seshul explained by letter that a PTSD patient "goes into a primitive survival level of behavior as a response to the actual or perceived threat of physical violence directed towards [him]."

[4] Following his completion of the Tennessee program, Seshul voluntarily entered an out-of-state residential treatment program where, during his ten-month stay, he participated in group therapy for at least 20 hours a week, obtained part-time employment, and performed over 200 hours of community service.

[5] "[D]isciplinary sanctions may be mitigated when lawyers who have violated Bar Rules admit their misconduct and take voluntary and affirmative action in response, such as promptly ceasing the practice of law because they anticipate future suspension or disbarment." *In the Matter of Onipede*, 288 Ga. 156 (702 SE2d 136) (2010).

condition that would adversely affect his ability to practice law; and prior to his reinstatement to the practice of law, Seshul must provide the Office of General Counsel with the record of his discharge and exoneration to the March 31, 2009 plea (see OCGA § 42-8-62), or other satisfactory written proof of his completion of his probationary period.

Seshul is reminded of his duties under Bar Rule 4-219 (c).

*Petition for voluntary discipline accepted. All the Justices concur.*

DECIDED OCTOBER 17, 2011.

*Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia. *Warren R. Hinds*, for appellee.

