S13Y0662. IN THE MATTER OF ROBERT BRUCE RICHBOURG.
(748 SE2d 460)

PER CURIAM.

This disciplinary matter is before the Court on the Petition for Voluntary Discipline filed by Respondent Robert Bruce Richbourg (State Bar No. 604415). Richbourg requests a 12-month suspension for his admitted violation of Rule 8.4 (a) (2) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). On August 22, 2012, Richbourg pled guilty in the Superior Court of Tift County to two felony counts of false imprisonment in violation of OCGA § 16-5-41. He was sentenced under the First Offender Act to ten years on probation and ordered to pay fees and fines, and to perform 200 hours of community service work. He also is required to attend and undergo alcohol testing and treatment if recommended after evaluation, and for the term of his probation Richbourg may not possess weapons of any nature.

Richbourg acknowledges that a violation of Rule 8.4 (a) (2) may be punished by disbarment, but relies on *In the Matter of Ortman*, 289 Ga. 130 (709 SE2d 784) (2011) (12-month suspension for violation of Rule 8.4 (a) (2)), in which the Court found that a lesser punishment for a violation of that rule may be appropriate where the circumstances and mitigating factors are sufficient to justify a lesser penalty. Richbourg recites the facts leading to his conviction, which involved an early morning confrontation in the alleyway separating his residence from his neighbor's, after Richbourg had been drinking alcohol. A truck that appeared suspicious to Richbourg pulled into the alley and as two men (one being Richbourg's neighbor) got out of the truck, Richbourg pointed a gun at them and ordered them to the ground. The neighbor tried to tell Richbourg who he was, but Richbourg would not listen. Eventually the other man got up and said Richbourg would just have to shoot him because he was going inside the house, and Richbourg withdrew to his property.

In his petition, Richbourg lists numerous mitigating factors to justify a punishment less than disbarment, including 23 years practicing law with no prior disciplinary or criminal history; full cooperation with disciplinary authorities by initiating this petition prior to the filing of a grievance in accordance with the Bar Rules requiring

self-reporting of a criminal plea; outstanding reputation in the community, as evidenced by the 45 letters and affidavits attached to the petition; deep and sincere remorse for his actions, for which he takes full responsibility; a particular sensitivity to threats to personal safety resulting from the attempted murder of his brother in 2011; no selfish motive or personal gain; Richbourg's conduct did not arise in any way out of the practice of law and no harm resulted to any of his clients; he has voluntarily undergone an evaluation with a licensed psychologist to determine if he has an alcohol dependency problem;[1] and he voluntarily suspended his law practice prior to initiation of these proceedings. The State Bar, also citing *Ortman, In the Matter of Seshul*, 289 Ga. 910 (717 SE2d 262) (2011) (suspension rather than disbarment for violation of Rule 8.4 (a) (2)), and *In the Matter of Dowdy*, 247 Ga. 488 (277 SE2d 36) (1981) (punishment in each case must be governed by its particular facts), and noting the many mitigating factors in this case that are similar to those in *Ortman* and *Seshul*, has no objection to the petition and asks the Court to accept it and suspend Richbourg for a period of 12 months.

We have reviewed the record and find this case and the mitigating factors very similar to those in *Seshul*. In *Seshul*, however, a lengthier aggregate suspension of approximately thirty-four months was given for one felony and one misdemeanor, as opposed to two felony counts in this case. Moreover, the suspension imposed in *Seshul* lasted the length of the disciplined lawyer's probation. In stark contrast, the suspension requested in the present matter would end long before Richbourg's probation. Given these discrepancies, we find the requested discipline of a twelve-month suspension to be inadequate. Accordingly, we reject Richbourg's petition for voluntary discipline.

*Petition for voluntary discipline rejected. All the Justices concur.*

DECIDED SEPTEMBER 9, 2013.

*The Beltran Firm, Frank J. Beltran, Brian R. Smith*, for Richbourg.

*Paula J. Frederick, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar*, for State Bar of Georgia.

---

[1] The psychologist has determined that Richbourg does not suffer from an addiction to alcohol but he continues to work with his doctor to ensure that he does not drink alcohol in the future. He has been diagnosed with depression and anxiety disorder, for which he is being treated.