S14Y0319. IN THE MATTER OF ROBERT BRUCE RICHBOURG.

(759 SE2d 865)

PER CURIAM.

This disciplinary matter is before the Court on the Second Petition for Voluntary Discipline filed by Respondent Robert Bruce Richbourg (State Bar No. 604415). In *In the Matter of Richbourg*, 293 Ga. 576 (748 SE2d 460) (2013), this Court recited the relevant facts and mitigating factors, but rejected Richbourg's first petition for voluntary discipline in which he requested a 12-month suspension for his admitted violation of Rule 8.4 (a) (2) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). Although this Court found the mitigating factors very similar to those in *In the Matter of Seshul*, 289 Ga. 910 (717 SE2d 262) (2011) (approximate 17-month suspension following guilty plea to felony aggravated assault and misdemeanor battery, where brick-throwing incident did not involve a client and seemed to arise from personal and emotional problems), it rejected Richbourg's request for a 12-month suspension, noting that he had been convicted of two felony counts and his proposed suspension would end long before his probation, whereas Seshul's 34-month suspension was the result of one felony and one misdemeanor plea, and would last the length of Seshul's probation. Therefore, in his second petition, Richbourg agrees to accept a suspension for an indefinite period of time to end at the expiration of three years from the date of this opinion or the termination of his probation, whichever is longer. Additionally, Richbourg agrees to accept any other conditions upon his reinstatement that this Court may find appropriate.

Although Richbourg's conduct was violent and egregious, no person was physically harmed and no client suffered as a result of his actions. See *Seshul*; *In the Matter of Ortman*, 289 Ga. 130 (709 SE2d 784) (2011). Further Richbourg has shown a variety of mitigating factors as recited in *Richbourg*, supra, including his otherwise exemplary history as a member of the Bar. After reviewing the record, we agree to accept the petition and hereby suspend Richbourg from the practice of law in Georgia for a period of time to end at the expiration

of three years from the date of this opinion or at the termination of his probation, whichever is longer. At the conclusion of the initial three-year suspension imposed in this matter, Richbourg may seek reinstatement by demonstrating to the State Bar's Office of General Counsel that he has met the conditions for reinstatement, specifically that his probation has terminated. If the State Bar agrees that the conditions have been met, it will submit a notice of compliance to this Court, and this Court will issue an order granting or denying reinstatement. Richbourg is reminded of his duties under Bar Rule 4-219 (c).

*Petition for voluntary discipline accepted. Indefinite suspension. All the Justices concur.*

DECIDED JUNE 16, 2014.

*The Beltran Firm, Frank J. Beltran, Brian R. Smith*, for Richbourg.

*Paula J. Frederick, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar*, for State Bar of Georgia.

