303 Ga. 290
FINAL COPY

S18Y0350.  IN THE MATTER OF CHRISTOPHER AARON CORLEY.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed on October 23, 2017 by Christopher Aaron Corley (State Bar No. 940383), before the filing of a formal complaint by the State Bar.  See Bar Rule 4-227 (b) (2).  Corley, who became a member of the State Bar in 2009, admits that he violated Rule 8.4 (a) (2) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d), after entering a plea of guilty in August 2017 to Domestic Violence First Degree, in violation of South Carolina Code § 16-25-20 (A) (2015), related to an incident of domestic violence against his wife.[1]  Corley was sentenced to six years, with the balance suspended on probation for five years.  Although Corley recognizes that the maximum sanction for a violation of Rule 8.4 (a) (2) is disbarment, he seeks the suspension of his license for the greater of 24 months or the term of his probation for the underlying felony conviction.

---

[1] Rule 8.4 (a) (2) says that a lawyer may not be convicted of a felony.

In his petition, Corley admits that on December 26, 2016, he was arrested for domestic violence in Aiken County, South Carolina, where he, his wife, and their three children reside; he was subsequently indicted for domestic violence; and the indictment alleged that he caused physical harm or injury to his wife by beating her about the face, head, and body with a closed fist, while in the presence of a minor and holding a gun.

In mitigation, Corley contends that he has a documented history of mental health issues, which contributed in part to his out-of-character behavior in December 2016. He adds that his recognition and treatment of his mental health issues are mitigating factors. In particular, he states that in 2012, he was diagnosed with Attention Deficit Hyperactivity Disorder and depression and began receiving treatment; in January 2016, he began seeing a different doctor for issues related to his depression, which resulted in changes in his medication; and following the incident in December 2016, he sought help through the State Bar and was ultimately diagnosed as having Bipolar II disorder, resulting in a new daily prescription. He asserts that the doctor he sought treatment from through the State Bar informed him that the medication he was previously prescribed exacerbated the symptoms of his Bipolar II disorder and that, while certainly not

an excuse for his conduct, his inability to have his mental health condition properly diagnosed and medicated was a contributing factor to his conduct in December 2016.

In addition, Corley asserts in mitigation that he is still married to and living with his wife, who was the victim of his domestic violence; they have known each other all of their lives, attending school and church together since a young age; his wife is a 38-year-old, stay-at-home mother of their three children; his oldest child is on the Autism Spectrum, with a form of Asperger's Syndrome, and both parents spend a substantial amount of time taking care of him; and his wife and children rely solely upon him to make a living and provide for their family. In addition, he asserts that his wife has forgiven him, that she is truly the innocent party in this case, and that she stands to continue to suffer financially as a result of his loss of income as a lawyer due to his conduct.

Corley further asserts in mitigation that prior to this incident, he had an unmarred public and professional reputation, including no prior disciplinary or criminal history, and that he served his community as a state legislator from 2014-2017 as the 84th District Representative in the South Carolina House of Representatives. He asserts that, although convicted of a felony with a potential

sentence of incarceration for many years, he received a probated sentence; this isolated incident caused no harm to any of his clients, see In the Matter of Ortman, 289 Ga. 130, 131 (709 SE2d 784) (2011); he has made every effort to complete the terms and conditions of his probation, including paying all fines imposed, completing all community service, and currently being in the process of completing anger management courses; and based upon his compliance credits, he has been informed that he may have his probation terminated as early as August 16, 2020.

In his initial petition, Corley requested that this Court simply impose a suspension nunc pro tunc to the date he filed the petition for a term of 24 months or the term of his underlying felony probation, whichever is greater. He also noted that he was voluntarily shutting down his practice to ensure that his clients would be minimally impacted by whatever discipline this Court imposes upon him. The State Bar responded, requesting that this Court reject Corley's petition. Specifically, the Bar objected to Corley's failure to request conditions on any reinstatement after suspension, given his assertion of mental health problems as a major mitigating factor, and to Corley's request that the suspension be imposed nunc pro tunc, in the absence of evidence that he has actually stopped practicing

4

law. See In the Matter of Onipede, 288 Ga. 156, 157 (702 SE2d 136) (2010).

This Court invited Corley to file a reply to the Bar's objections. In his reply, Corley asserts that it has always been his intention to remain under the care of a mental health professional and to continuously monitor the treatment of his underlying mental health conditions, and that he is willing to submit, in connection with any future reinstatement to the practice of law, proof of the completion and termination of his probation for the underlying South Carolina criminal conviction, proof of continued mental health treatment from his treating mental health provider, and an evaluation by a licensed mental health doctor certifying his mental competency and fitness to return to the practice of law. Corley also attached an affidavit to his reply brief attesting that as of September 11, 2017, he ceased the practice of law and outlining the actions he took to do so.

The State Bar then filed a response recommending that, based upon this Court's ruling in prior cases and the circumstances of the underlying criminal case, Corley's suspension should be at least 24 to 36 months and include the mental health conditions he described. See In the Matter of Richbourg, 295 Ga. 356, 356-357 (759 SE2d 865) (2014); In the Matter of Paine, 280 Ga. 208, 210 (625 SE2d 768) (2006). The Bar also withdrew its objection to the suspension

5

being imposed nunc pro tunc.

Although Corley was convicted of a serious and dangerous felony offense, having considered the petition for voluntary discipline and the additional pleadings by the parties, and in particular the mitigating factors discussed therein, we agree that a suspension for the greater of two years or the length of Corley's probation is the appropriate sanction in this case. See Paine, 280 Ga. at 210. Accordingly, we hereby order that Christopher Aaron Corley is suspended from the practice of law in the State of Georgia for a period of time to end at the expiration of two years or at the termination of his criminal probation, whichever is longer, nunc pro tunc to the date of the filing of his petition for voluntary discipline on October 23, 2017. See Onipede, 288 Ga. at 157. Before being reinstated, Corley must demonstrate that he has completed his probation, that a board-certified and licensed mental health professional has certified that he is fit to return to the practice of law, and that he is continuing to receive mental health treatment by a board-certified and licensed mental health professional. When Corley believes that the conditions of his reinstatement have been met, he may submit a petition for reinstatement to the State Disciplinary Review Board, which will then issue a report and recommendation to this Court. Corley shall not

6

engage in the practice of law until this Court issues an opinion granting his petition for reinstatement. See In the Matter of Fair, 292 Ga. 308 (736 SE2d 430) (2013). Corley is reminded of his duties under Bar Rule 4-219 (c).

Petition for voluntary discipline accepted. Suspension with conditions. All the Justices concur.

Decided March 5, 2018.

Suspension.

John R. B. Long, John B. Long, for Corley.

Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Jenny

<u>K. Mittelman, A. Leigh Burgess, Assistant General Counsel State Bar</u>, for State

Bar of Georgia.