311 Ga. 199
FINAL COPY

S20Y0631.  IN THE MATTER OF JASON LEE VAN DYKE.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of Special Master Daniel S. Reinhardt with regard to the Second Petition for Voluntary Discipline submitted by Respondent Jason Lee Van Dyke (State Bar No. 851693).  In his petition, Van Dyke admitted that he violated Rule 8.4 (a) (3) of the Georgia Rules of Professional Conduct, found at Bar Rule 4-102 (d), by virtue of his conviction of a misdemeanor involving moral turpitude related to his fitness to practice law.  The maximum penalty for a violation of Rule 8.4 (a) (3) is disbarment.  For his admitted violation, Van Dyke sought an indefinite suspension until such time as his criminal sentence was discharged.  The State Bar did not oppose this proposed discipline, so long as the lifting of the suspension was conditioned on Van Dyke's providing satisfactory

evidence of the final release and discharge of his criminal sentence. The Special Master recommended acceptance of the proposed discipline under this condition.

Van Dyke has recently notified the Court that he has been discharged from his criminal sentence. For this reason, Van Dyke now requests "some alternative form of discipline . . . that is either a lesser form of discipline . . . or a form of discipline consistent with the 'spirit' of that which was requested by [Van Dyke]." Notwithstanding this development and the Special Master's recommendation, we conclude that the current record does not support the proposed resolution, either in its original form or as amended in his recent filing, and we therefore reject the petition.

The relevant facts are as follows. Van Dyke, a Texas resident, is licensed to practice law in Texas and several other jurisdictions, including Georgia. In September 2018, Van Dyke called local police to report the theft of several items from his truck. After police interviewed his then-roommate, Van Dyke was arrested for making a false report. Van Dyke contested the charges. By his own

2

admission, Van Dyke violated the conditions of his bond while his charges were pending.[1]

Shortly before trial, the roommate, whom the State had planned to call as a witness, went missing. Contending that Van Dyke had procured the unavailability of the witness, the State filed a motion seeking forfeiture by wrongdoing,[2] which was granted. Van Dyke then agreed to enter a plea of nolo contendere and, on February 26, 2019, Van Dyke entered his plea before the Denton County, Texas Criminal Court Number Five on one count of making a false report to a law enforcement officer. He was sentenced to 24 months' deferred adjudication community supervision, with special conditions.

Upon learning of Van Dyke's conviction,[3] the State Bar

---

[1] According to Van Dyke, he left town in violation of his bond conditions to attend a "waterfowl hunt" that he had scheduled before his arrest.

[2] See *Agee v. State*, 310 Ga. 64, 70 (2) (849 SE2d 482) (2020) ("'[O]ne who obtains the absence of a witness by wrongdoing forfeits the constitutional right to confrontation[,]'" quoting *Davis v. Washington*, 547 U.S. 813, 833 (IV) (126 SCt 2266, 165 LE2d 224) (2006)).

[3] A nolo plea constitutes a "conviction" under Rule 8.4 (a) (3). See Rule 8.4 (b) (1) (ii) ("conviction" for purposes of Rule 8.4 includes a plea of nolo contendere); see also Rule 8.4 (b) (2) ("[t]he record of a conviction or disposition

initiated this disciplinary proceeding, see Bar Rule 4-106, and a Special Master was appointed. Before any hearing was held, Van Dyke filed a petition for voluntary discipline, in which he requested discipline ranging from a public reprimand to a six-month suspension. The Special Master rejected the petition, noting this Court's general practice of rejecting proposed discipline that ends prior to the completion of a criminal sentence. See, e.g., *In the Matter of Richbourg*, 293 Ga. 576, 577 (748 SE2d 460) (2013) (rejecting requested discipline that would have ended before attorney's probation). Van Dyke then filed this second petition. Thus, because of the posture of the case, no hearing has yet been held before the Special Master. See Bar Rule 4-227 (c) (2) (directing that special master consider a petition for voluntary discipline on "the record as it then exists").

In his petition, Van Dyke recites a lengthy chronology of events that, he claims, forms the backdrop for his arrest and supports his

---

in any jurisdiction based upon . . . a plea of nolo contendere . . . shall be conclusive evidence of such conviction").

4

claim of innocence as to the false report offense. In sum, Van Dyke asserts that the criminal prosecution stemmed from a campaign of harassment waged against him by an individual who, Van Dyke claims, has been stalking, defaming, and harassing him since 2017. He also claims to have obtained evidence that another individual has confessed to the theft from his truck, though he has since, in a supplemental filing upon inquiry by this Court, conceded that a petition for habeas corpus he filed in an apparent effort to vindicate himself has now been denied.

In addition to asserting that he did not commit the crime to which he entered his plea, Van Dyke notes that he has complied with all terms and conditions of his community supervision, including the payment of fines and costs and the completion of community service. In addition, Van Dyke states that he has participated regularly in therapy and that his therapist, in a report to the probation office, has recommended that he return to the practice of law.

In support of his proposed discipline, Van Dyke references Standard 5.12 of the ABA Standards for Imposing Lawyer

Sanctions[4] as recommending suspension where a lawyer knowingly engages in criminal conduct that adversely reflects on the lawyer's fitness but does not involve intentional interference with the administration of justice, false swearing, fraud, or other serious felonious conduct. Here, Van Dyke maintains, the criminal conduct alleged is not of the type that would warrant disbarment, and the evidence, moreover, indicates that Van Dyke did not in fact commit any crime. Van Dyke notes further that his conduct was unrelated to his representation of, and thus caused no harm to, any client. While acknowledging the potential harm to public confidence in the legal profession, Van Dyke contends that, because he did not actually commit any crime, "the injury is *de minimis*." As mitigating factors, Van Dyke cites his lack of disciplinary history in Georgia; the absence of a selfish or dishonest motive; the personal and emotional problems he has faced as a result of the harassment he claims to have suffered; his compliance with all conditions of his

---

[4] See *In the Matter of Morse*, 266 Ga. 652, 652 (470 SE2d 232) (1996) (stating that this Court looks to the ABA Standards for guidance in determining appropriate disciplinary sanction).

community supervision and progress in therapy; and his cooperation with the State Bar in this disciplinary proceeding.

In supplemental filings submitted at the Court's directive, Van Dyke avers that, as a result of his conviction, he has been suspended from the practice of law in Texas, as well as in the District of Columbia and Colorado. Each of these jurisdictions has apparently imposed an 18-month suspension, effective from various dates in May and June 2020. Each suspension included a six-month "active" portion, followed by a 12-month "probated" portion, during which Van Dyke would be permitted to practice law under certain conditions.[5] According to Van Dyke, he has completed the "active" portion of his suspensions in all three jurisdictions and has been reinstated to practice in Texas. He apparently remains on probated suspension in all three jurisdictions, with the terms of suspension due to expire in November and December of 2021.[6]

---

[5] Van Dyke has also apparently been suspended with similar conditions by federal district courts in both the Northern and Eastern Districts of Texas.

[6] Although Van Dyke submitted copies of the various suspension orders, he has not provided documentation showing that the Texas Bar has reinstated him.

As referenced above, Van Dyke has recently submitted a supplemental filing notifying the Court that, on February 26, 2021, the Denton County, Texas court entered an order discharging him from his sentence, releasing him from deferred adjudication, and dismissing his case. Thus, were we at this point to accept Van Dyke's petition, his suspension will have expired before it ever started.[7] This we cannot accept, particularly because Van Dyke remains on suspension — albeit in probated form — in three other jurisdictions.

We are also troubled by several aspects of this case that, we believe, warrant additional factfinding. First, we note that Van Dyke's conduct in the criminal proceeding reflects a level of disrespect for the law and legal process that warrants serious consideration. In his petition, Van Dyke readily admitted to

---

[7] While Van Dyke asserts that he "voluntarily stopped practicing law in the State of Georgia as of March 1, 2019 and . . . has not practiced law in Georgia since that date," he has not met the requirements for imposition of a suspension nunc pro tunc. See *In the Matter of Onipede*, 288 Ga. 156, 157 (702 SE2d 136) (2010) (discussing the requirements for a suspension to be imposed nunc pro tunc).

willfully violating his bond conditions.  And there remains a judicial determination that Van Dyke procured the unavailability of a witness in his criminal case.  However, beyond the passing mention of these issues in Van Dyke's petition, we know nothing about the particulars of this conduct that, on its face, demonstrates a disturbing lack of regard for the law and legal process.

In addition, it appears from review of one of the above-referenced suspension orders, issued by the United States District Court for the Eastern District of Texas, that Van Dyke was sanctioned by the Texas Bar in an entirely separate proceeding in February 2019; according to this order, Van Dyke was suspended from the practice of law for 12 months, from March 1, 2019 through February 29, 2020.  It is unclear what misconduct gave rise to this sanction, but what is clear is that Van Dyke did not make this Court aware of this prior discipline.  Rule 9.4 (b) of the Georgia Rules of Professional Conduct states: "Upon being suspended or disbarred in another jurisdiction, a lawyer admitted to practice in Georgia shall promptly inform the Office of General Counsel of the State Bar of

Georgia of the discipline. . . ."  It is unclear to this Court whether Van Dyke complied with his obligation under Rule 9.4 (b) as to the March 2019 suspension.[8]  Until that question is answered, and this Court is apprised of the conduct underlying that sanction, we are unable to make any determination of an appropriate level of discipline in this case.

Accordingly, we reject Van Dyke's Second Petition for Voluntary Discipline and remand to the Special Master for additional factfinding regarding (1) all disciplinary proceedings involving Van Dyke, past or current and in any jurisdiction, including but not limited to those giving rise to Van Dyke's March 2019 suspension by the Texas Bar; (2) Van Dyke's violation of his

---

[8] This disciplinary proceeding — along with the proceeding for the appointment of the Special Master herein — is the only proceeding involving Van Dyke that has ever been docketed in this Court.  Though it is perhaps conceivable that a reciprocal discipline proceeding initiated by Van Dyke could still be pending before the State Disciplinary Board, were that the case, it would be curious that neither Van Dyke nor the State Bar has mentioned that fact in this matter.

In this regard, we also note a statement from the federal district court's order, in reference to local court rules on reciprocal discipline:  "Although Mr. Van Dyke claims to have disclosed to the Clerk the existence of the February 2019 sanction, the Clerk's Office has no record of receiving that notice."

bond conditions in the Texas criminal proceeding; (3) the basis for the forfeiture by wrongdoing determination; and (4) any other matters the Special Master deems relevant. See, e.g., *In the Matter of Rigdon*, 307 Ga. 676, 678 (837 SE2d 759) (2020) (rejecting petition for voluntary discipline and remanding to special master for further factfinding).

*Petition for voluntary discipline rejected. All the Justices concur.*

Decided April 5, 2021.

Petition for voluntary discipline.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, William V. Hearnburg, Jr., Assistant General Counsel State Bar*, for State Bar of Georgia.