313 Ga. 53
FINAL COPY

S22Y0046.  IN THE MATTER OF JASON LEE VAN DYKE.

PER CURIAM.

This disciplinary matter is before the Court on Jason Lee Van Dyke's (State Bar No. 851693) Third Petition for Voluntary Discipline. In his petition, Van Dyke again admits that he violated Rule 8.4 (a) (3) of the Georgia Rules of Professional Conduct, found in Bar Rule 4-102 (d), by virtue of his conviction of a misdemeanor involving moral turpitude related to his fitness to practice law. The maximum penalty for a violation of Rule 8.4 (a) (3) is disbarment. After the State Bar initiated a disciplinary action against Van Dyke pursuant to Bar Rule 4-106, Van Dyke filed his First Petition for Voluntary Discipline, which sought discipline ranging from a public reprimand to six months' suspension. The State Bar opposed that petition, and the Special Master, Daniel S. Reinhardt, rejected it, noting this Court's general practice of rejecting proposed discipline

that ends prior to the completion of a criminal sentence. Van Dyke next sought an indefinite suspension until such time as his criminal sentence was discharged. The State Bar did not oppose that proposed discipline, so long as the lifting of the suspension was conditioned on Van Dyke's providing satisfactory evidence of the final release and discharge of his criminal sentence. The Special Master then submitted a report and recommendation recommending the acceptance of that proposed discipline under the stated condition. But on April 5, 2021, we rejected Van Dyke's Second Petition for Voluntary Discipline. See *In the Matter of Van Dyke*, 311 Ga. 199 (857 SE2d 194) (2021).

In *Van Dyke*, we noted that because of the posture of this case, no hearing had yet been held before the Special Master. See id, at 200. After recounting the somewhat complex factual background leading up to this case, we stated, "We are also troubled by several aspects of this case that, we believe, warrant additional factfinding." Id. at 202. Specifically, we noted that "Van Dyke's conduct in the criminal proceeding reflects a level of disrespect for the law and legal

2

process that warrants serious consideration" and that "beyond the passing mention of these issues in Van Dyke's petition, we know nothing about the particulars of this conduct." Id. We also noted that it appeared that the Texas Bar had suspended Van Dyke for 12 months in an entirely separate matter; that it was unclear what conduct gave rise to that sanction; that this Court was not made aware of that sanction and that it was unclear whether Van Dyke complied with his obligation under Rule 9.4 (b) of the Georgia Rules of Professional Conduct as to that sanction; and that "[u]ntil that question is answered, and this Court is apprised of the conduct underlying that sanction, we are unable to make any determination of an appropriate level of discipline in this case." Id. at 202-203. Therefore, we rejected Van Dyke's second petition for voluntary discipline and

> remand[ed the matter] to the Special Master for additional factfinding regarding (1) all disciplinary proceedings involving Van Dyke, past or current and in any jurisdiction, including but not limited to those giving rise to Van Dyke's March 2019 suspension by the Texas Bar; (2) Van Dyke's violation of his bond conditions in the Texas criminal proceeding; (3) the basis for the forfeiture

3

by wrongdoing determination; and (4) any other matters the Special Master deems relevant.

Id. at 203.

Despite this Court's opinion remanding this case for the Special Master to make those findings of fact, on August 10, 2021, Van Dyke filed his Third Petition for Voluntary Discipline, which he amended on August 20, 2021. In his third petition, as amended, Van Dyke again admits that he violated Rule 8.4 (a) (3) and requests "discipline in the form of a suspension from the practice of law for no more than thirty-six months *nunc pro tunc* to March 1, 2019 as a resolution to both the pending proceeding under Rule 4-106 and all matters for which he is subject to reciprocal discipline in Georgia." The State Bar responds by requesting this Court to permit the Special Master to consider Van Dyke's request for reciprocal discipline along with the pending Rule 4-106 Petition in the first instance, so that the Special Master may issue a single report and recommendation on those matters for the consideration of this Court. The State Bar also represents that the Special Master and

Van Dyke consent to its request.

We agree, and we therefore reject Van Dyke's Third Petition for Voluntary Discipline, as amended, and again remand to the Special Master to make the additional, requisite factual findings ordered in *In the Matter of Van Dyke*, 311 Ga. at 203, to include the resolution of any matters of reciprocal discipline that the Special Master deems appropriate.

*Petition for voluntary discipline rejected. All the Justices concur.*


Decided December 14, 2021.

Petition for voluntary discipline.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, William Van Hearnburg, Jr., Assistant General Counsel State Bar*, for State Bar of Georgia.