**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: September 4, 2024

S24Y1213. IN THE MATTER OF L. ELIZABETH LANE.

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of Special Master Patrick Longan, who recommends that the Court accept the petition for voluntary discipline filed by Respondent L. Elizabeth Lane (State Bar No. 434850). Lane filed her petition after the State Bar filed a formal complaint charging her with violating Rules 1.3, 1.4 (a) (3), 1.5 (a), 1.16 (a) (2), 3.2, and 8.1 (a) of the Georgia Rules of Professional Conduct ("GRPC"), see Bar Rule 4-102 (d) and 4-227 (c), and in the petition, Lane agrees to surrender her law license and never seek readmission to the State Bar of Georgia. As the Bar has no objection to the petition and we see no issue with Lane's request, the Court agrees with the Special Master's recommendation and accepts the

voluntary surrender of Lane's license, which is tantamount to disbarment. See GRPC Rule 1.0 (s) ("A voluntary surrender of license is tantamount to disbarment.").

As recounted by the Special Master, Lane is 74 years old and has been a member of the State Bar of Georgia since 1975. In August 2016, a client retained Lane to file a petition for a writ of habeas corpus. Lane filed the habeas petition in September 2016, and a hearing was scheduled for December 12, 2016. Over the next three years, the habeas court continued the hearing approximately 14 times, mostly at Lane's request, but Lane repeatedly failed to notify her client about the status of his case. During this time, Lane experienced health problems that materially impaired her ability to represent her client, but she did not at any time seek to withdraw. Lane did not take reasonable measures to expedite resolution of the habeas litigation consistent with the interests of her incarcerated client, and she failed to file a final brief on her client's behalf after the hearing on his habeas petition was finally held on September 30,

2019. Further, Lane admitted that she has been previously discipline in 2011 and 2015.[1]

The Special Master found that Lane had violated Rule 1.3[2] when she failed to file a final brief on her client's behalf; Rule 1.4 (a) (3)[3] by failing to keep her client informed about the status of his case; Rule 1.16 (a) (2)[4] by failing to notify her client of her health condition and the effects it had on her representation of him and by failing to

---

[1] On September 22, 2011, Lane received a Formal Letter of Admonition for violating Rules 1.3 and 1.4 of the GRPC when she failed to file a brief and failed to keep her client informed about the status of his case. Then, in December of 2015, in four separate cases, Lane received a Confidential Reprimand (formerly an Investigative Panel Reprimand) for failing to file briefs (including in a habeas case), failing to attend scheduled hearings, and failing to move her client's cases forward despite having accepted full payment. See Rule 4-221.1 (d) (3) ("In the event of subsequent disciplinary proceedings against a lawyer, the Office of the General Counsel may, in aggravation of discipline in the pending disciplinary case, reveal the imposition of confidential discipline under Rules 4-205 to 4-208 and facts underlying the imposition of discipline.").

[2] Rule 1.3 states in relevant part, that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[3] Rule 1.4 (a) (3) requires a lawyer to "keep the client reasonably informed about the status of the matter."

[4] Rule 1.16 (a) (2) states that, except in circumstances not relevant here, "a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if . . . the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client."

3

properly withdraw in light of that health condition; and Rule 3.2[5] by causing numerous continuances of her client's case and failing to file a final brief. She further admitted that, because she had twice received prior discipline, Bar Rule 4-103 applied.[6] The Special Master noted that the maximum sanction for a violation of Rules 1.4 (a) (3), 1.16 (a) (2), and 3.2 is a public reprimand, while the maximum sanction for a single violation of Rule 1.3 is disbarment. The Special Master further concluded that Bar Rule 4-103 allows for suspension or disbarment upon a finding of a third or subsequent disciplinary infraction. Because Lane agreed to surrender her license and to never seek readmittance to the Bar, the Special Master accepted Lane's petition without insisting on resolution of the alleged violations of Rules 1.5 and 8.1[7] that were charged in the

---

[5] Rule 3.2 states that "[a] lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client."

[6] Bar Rule 4-103 states in relevant part that "[a] finding of a third or subsequent disciplinary infraction under these Rules shall, in and of itself, constitute discretionary grounds for suspension or disbarment."

[7] Lane has not admitted violating Rule 1.5 and 8.1 (a) of the GRPC, and, in fact, adamantly denies that she violated Rule 8.1. Determining whether she did violate either of these rules is immaterial to the outcome of this case,

4

formal complaint. See *In the Matter of Joshi*, 318 Ga. 20, 26 (896 SE2d 531) (2023) (accepting voluntary surrender of license conditioned on promise never to seek readmission). The Special Master recommends that this Court do the same, and the State Bar has no objection to Lane's proposed resolution of this matter.

Under the circumstances of this case, we agree that no discipline greater than that offered by Lane in her petition for voluntary discipline would be warranted for any additional violations of the GRPC, and we therefore agree with the Special Master's recommendation and accept Lane's petition for voluntary discipline in which she agreed to surrender her license and never apply for readmission to the State Bar of Georgia. Accordingly, it is ordered that the name of L. Elizabeth Lane be removed from the rolls of persons authorized to practice law in the State of Georgia. Lane is reminded of her duties pursuant to Bar Rule 4-219 (b).

*Voluntary surrender of license accepted. All the Justices concur.*

---

however, inasmuch as Lane has volunteered to surrender her license and never apply for readmittance to the State Bar of Georgia. See *Joshi*, 318 Ga. at 26.