NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: June 11, 2024

S24Y0919. IN THE MATTER OF EMILY C. WILLIAMS.

PER CURIAM.

This disciplinary matter is before the Court on a petition for voluntary discipline in a reciprocal disciplinary matter wherein the Respondent Emily C. Williams (State Bar No. 579779), a member of the State Bar of Georgia since 2005, was suspended from the practice of law in Florida for 91 days with conditions on her reinstatement and requests the same suspension here, retroactive to the effective date of the Florida suspension. The Bar has responded, recommending that the Court accept the petition, and we agree to do so.

With multiple disciplinary actions pending against her in Florida, Williams and the State Bar of Florida entered into a consent judgment, pursuant to which the Supreme Court of Florida entered

an order on January 11, 2024, suspending Williams from the practice of law for 91 days, effective February 10, 2024, and entering judgment against her in the amount of $1,534.47 for the costs of the Florida Bar's action against her. According to Williams, her reinstatement will require the express support of the Florida Lawyers Assistance Program and a showing of rehabilitation. Moreover, prior to making a showing of rehabilitation, Williams will be required to undergo a comprehensive mental health evaluation.

Based on the discipline imposed in Florida, the Georgia Bar initiated a reciprocal disciplinary action against Williams pursuant to Georgia Rule of Professional Conduct ("GRPC") 9.4 (b), and, in response, Williams filed this petition for voluntary discipline. See GRPC 9.4 (b); Bar Rule 4-227 (b). In her petition, Williams explains that, in Florida, she faced eight separate disciplinary matters, which she summarizes as involving her failure to adequately communicate with her clients, to competently and diligently represent those clients, to expedite litigation, to earn the fees that she had been paid, and to report two arrests in March and May 2017. She asserts that

the discipline as to those matters was mitigated by the absence of a prior disciplinary history; the absence of a dishonest or selfish motive; personal or emotional problems, which she details; a timely good faith effort to make restitution in that she made fee refunds to her clients; good character or reputation; physical/mental disability or impairment or substance-related disorder; interim rehabilitation; and extreme remorse. See ABA Standards for Imposing Lawyer Sanctions ("ABA Standard"), Standard 9.32 (a), (b), (c), (d), (g), (i), and (l).

Williams admits in aggravation of discipline that she engaged in a pattern of misconduct and committed multiple offenses, see ABA Standard 9.22 (c) and (d), but she assures this Court that she has taken steps to ensure future professional behavior in compliance with all disciplinary rules. Asserting that she has not practiced law in Georgia since September of 2023, Williams requests that this Court suspend her license to practice law for a period of 91 days, nunc pro tunc to February 10, 2024, and condition her reinstatement on the provision of proof to the Office of General Counsel that she

3

has met the requirements for reinstatement as set forth in the January 11, 2024 order of the Supreme Court of Florida.

The Bar responds by agreeing with the essence of Williams's assertions in her petition and stating that Williams cooperated with the Georgia Bar and expressed remorse during these proceedings. The Bar contends that Williams's requested discipline is sufficient to serve as "a penalty to the offender, a deterrent to others, and as an indication to laymen that the courts will maintain the ethics of the profession," *In the Matter of Dowdy*, 247 Ga. 488, 493 (277 SE2d 36) (1981) (citation and punctuation omitted), and notes that the requested discipline is "substantially similar" to the discipline imposed in Florida, see GRPC 9.4 (b) (3) (requiring the imposition of "substantially similar discipline" in reciprocal disciplinary cases unless the respondent makes certain showings not at issue in this case). Therefore, the Bar recommends that the Court accept Williams's voluntary petition and impose the requested discipline.

Given that this Court has generally interpreted the Bar Rules governing reciprocal discipline to require the imposition of

substantially similar discipline as was imposed in the other jurisdiction, see *In the Matter of Van Dyke*, 316 Ga. 168, 177 (886 SE2d 811) (2023) (noting the "nature of reciprocal discipline matters . . . wherein this Court must only impose 'substantially similar' discipline"), and because the Bar confirms Williams's assertions that she has not practiced law in this State since September 2023, this Court accepts her petition for voluntary discipline and imposes a 91-day suspension with conditions, nunc pro tunc to February 10, 2024. See id. (imposing suspension nunc pro tunc based on a showing that the attorney voluntarily ceased the practice of law prior to the issuance of this Court's suspension). Further, we condition her reinstatement on the provision of proof that she has met the requirements for reinstatement as set forth in the January 11, 2024 order of the Supreme Court of Florida. At the conclusion of the suspension imposed in this matter, Williams may seek reinstatement by demonstrating to the State Bar's Office of General Counsel that she has met the conditions for reinstatement. If the State Bar agrees that the conditions have been met, it will submit a

notice of compliance to this Court, and this Court will issue an order granting or denying reinstatement. See *In the Matter of Topmiller*, 293 Ga. 667, 669 (748 SE2d 919) (2013). Williams is reminded of her duties under Bar Rule 4-219 (b).

*Petition for voluntary discipline accepted; ninety-one-day suspension with conditions. All the Justices concur.*